## Penn, et al. v. Penn.

(Decided February 11, 1919.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Workmen's Compensation Act—Participation in Compensation.—Under the Workmen's Compensation Act a partially dependent father of a deceased employe may participate in the compensation, allowed by the board, with the wife of the deceased whom the law presumes to be wholly dependent, in that proportion which the partial dependency of the father bears to total dependency.

2. Master and Servant—Workmen's Compensation Act—Award.—The underlying purpose of the system instituted by the Workmen's Compensation Act is to provide support and maintenance for those who were dependent totally or partially upon the deceased employe in his lifetime, and to accomplish this the award made by the board should be distributed among the several dependents, total and partial, in the same proportion, as nearly as may be, that the deceased employed in taking care of the several dependents.

CHARLES H. MORRIS, D. M. HOWERTON, STANLEY REED and CHAMBERS BAIRD for appellants.

A. D. COLE and H. W. COLE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A young man named Harvey Penn, employed by the Bates & Rogers Construction Company in the work of building a lock and dam on the Ohio river, was accidentally killed in the course of his employment. For some years previous only he and his father lived together, and his father was partly dependent on the son for support. His mother was dead and he had no other close relatives. About one month before the accident to and death of young Penn, he married. The Bates & Rogers Construction Company was operating under the Workmen's Compensation Act and carried insurance. Both the construction company and the insurance company recognize liability for compensation to dependents of decedent Penn; but the two dependents—the widow, Nellie Penn, and the father, James Penn—are litigating the question of what, if any, apportionment of the amount allowed under the act shall be made between the two. The widow, by the terms of the statute, is presumed to be wholly dependent upon the earnings of the husband, and this is not contested. The father, who resided in the house with the deceased, is admitted to be partially dependent. The widow asserts that as she is the only totally dependent person on the deceased employe, she is entitled to full compensation to the exclusion of the father, who was only partly dependent on his son. She says that the whole excludes the idea of a division or apportionment; that the wholly dependent, if any there be, takes the whole compensation; that one only partly dependent is not entitled to participate in the compensation allowed so long as there is one of the totally dependent class.

Can a person partly dependent upon the wages of a deceased employe participate in the compensation allowed under this act, when there is a totally dependent claimant? That is the question for determination in this case. The lower court held that the partially dependent father was entitled to participate with the totally dependent wife in the award in the proportion that his dependency bore to total dependency. The board of compensation held to the contrary. The widow prosecutes this appeal.

The extent of the liability of the employer to dependents of a deceased employe is fixed according to the class of dependents to which the claimant belongs, by section 4893, Kentucky Statutes, which reads: "(1) If

there are no dependents, as herein defined, there shall be paid in addition to the burial expenses and medical expenses, if any otherwise provided for herein, the further sum of $100.00, payment to be made to the personal representative of the deceased employe.

"(2)   If there are one or more wholly dependent persons, 65% of the average weekly earnings of the deceased employe, but not to exceed $12.00 nor less than $5.00 per week, shall be payable, all such payments to be made for the period between the date of death and 335 weeks after the date of accident to the employe, or until the intervening termination of dependency, but in no case to exceed the maximum sum of $4,000.00.

"(3)   If there are partly dependent persons, the payments shall be such part of what would be payable for total dependency as the partial dependency existing at the time of the accident to the employe may be proportionate to total dependency, all such payments to be made for the period between the date of death and 335 weeks after the date of the accident to deceased employe, or until the intervening termination of dependency, but in no case to exceed the aggregate of compensation on account of such death the maximum sum of $4,000.00."

Subsections 2 and 3 are the ones with which we are concerned.

Simplified, subsection 2 provides that in cases where there are one or more wholly dependent persons, the company shall be liable for 65% of the average weekly earnings of the deceased employe; and subsection 3 provides that if there be no totally dependent persons the amount recoverable shall be only such part of what would be payable for total dependency as the partial dependency, existing at the time of the accident to the employe, may be proportionate to total dependency.   This section fixes the amount for which the insurer is liable, and does not designate the dependents who are to receive the same, for it will be noted that the section does not say to whom the compensation shall be paid as between dependents, but only that 65% of the average weekly wage of the deceased employe "shall be payable;" that is, the company shall be liable for said amount when fixed by the board.

It has often been held that where there are two or more wholly dependent persons, the allowance shall be equally distributed between them.   Rossi v. Standard Oil

Co., 2nd Cal. I. A. C. Dec. 307; Moran v. Rogers & Haggerty, Inc. N. Y. App. Div., 168 N. Y. Sup. 410; Bushe v. Whitehead & Kales Iron Works, 194 Mich. 413, 160 N. W. 557.

So also has it been decided that where there are several partially dependent persons, but none totally dependent, each shall share in the fund awarded in the proportion that his partial dependency bears to total dependency and the distributable fund, but no matter how large the number of dependents, the total sum of their dependency can not exceed 65% of the average weekly earnings of the deceased employe. Anderson v. American Straw Board Co., 1st Conn. Comp. Dec. 11 (affirmed by Supreme Court); State Ex rel. Ernest Fleckenstein Brewing Co. v. District Court, Rice County, 134 Minn. 324, 159 N. W. 755; In Re Pagnoni, Mass. 118 N. E. 948, Dosker's Compensation Law, 1917 edition, sections 164-181.

The act contains a provision (sec. 4909 Kentucky Statutes), for the payment of the entire award to one dependent for the benefit of all dependents entitled thereto, if the board so directs. This is intended to cover cases where a parent and a child or children are dependents. Generally the board will direct that all payments be made to the parent for the use and benefit of the parent and the several dependent children in accordance to the dependency of each; and their respective claims on the deceased for support. However, it has been held by the New Jersey court that where the deceased employe left a wife and several minor children, all totally dependent upon him for support, and one of the dependent children was by a former wife, the whole amount should not be paid to the widow, but it should be divided and paid one part to the widow for her use and that of her own children, and the balance to the guardian of the step-child, according to the dependency of each, it being made to appear that the best interest of the stepchild would thus be served.

Why then should not the partially dependent share proportionately with the totally dependent in the ratio of his dependency to total dependency? We think he should. If this is not allowed, the legislative purpose fails in large part. The reason is not far to seek. The legislation out of which this system arose is founded upon the idea that all loss or depreciation of man power, like that of machine or material, must be charged to the industry in which it occurs, as a part of the cost of pro-

duction; and the loss distributed to and absorbed by the community as the ultimate consumer of the product of the enterprise. If a machine is worn out or broken, it is properly charged as a part of the cost of production and those who buy and use the product of the factory, or other plant, distribute and absorb the commercial shock. Why should not the same process be pursued with respect to the depreciation or destruction of the man power employed in the same plant? Why make the unfortunate man bear all the burden of the accident when he is a victim of circumstances and conditions over which he has little control?

The underlying purpose of the system is to provide support and maintenance for those who were dependent totally or partially upon the deceased employe, and thus save them from want, and the public from a charge. Dosker's Compensation Law, sec. 164. If the employe was, in his lifetime, contributing to the support of more than one dependent of different degrees, why should his death work a preference in favor of one or of a single class to the exclusion of all others, provided they all come within one or the other of the classes named in the act? To so hold would often work great hardship where the dependent, though included in subsection 3, was in fact 90%, or more, dependent but not wholly so. Moreover, it would often, as in this case, give the sole total dependent much more than she received in the lifetime of the earner. The widow in this case would receive more from compensation, under the act, than from decedent's earnings while taking from the partial dependent the little he formerly enjoyed. This was never intended. But if dependents be allowed to share in the award made by the board in the proportion of the dependency, the cardinal purpose of the act will be fulfilled while no violence will be done to the letter thereof.

Unless the statute expressly provides otherwise partially dependent persons may participate in the award with total dependents. Corpus Juris Workmen's Compensation, Supplement, page 56; Robinson v. Anon, 6 W. C. C. 117; Boyd on Workmen's Compensation, sec. 498.

The text of our statute does not provide otherwise, but rather, when the whole act is considered together, fosters the idea that the two classes of dependents shall share in the benefits at the same time and in proportion to their dependency; and this appears to be not only a sound rule but the fair and just one.

The compensation allowed to several partial dependents should be in proportion to the degree of dependency of each to total dependency, and where there are both total and partial dependents the award should be distributed in the same ratio, upon the average, employed by the deceased employe; that is to say, if the deceased was earning $10.00 per week, and used 35%, or $3.50 of it, to support himself, there was left, as now, 65% of his weekly wage which was distributed between the dependents. He had a totally dependent wife and a partially dependent father; he gave to the wife for her support $4.00, and to his father $2.50. Should the ratio now be changed simply because of the death of the earner? Is there any sound reason why the father should be wholly cut off from support when the fund available is practically the same? We can find none.

The board should award compensation in the ratio of dependency whether there be partial dependents only, or some totally and others only partially dependent. The judgment of the trial court, allowing compensation to the partially dependent father and remanding the cause to the board of compensation to ascertain and fix the degree of dependency of the father and to apportion the award between the two dependents, is affirmed

Judgment affirmed. Whole court sitting.