## Noe et al. v. Noe et al.

(Decided May 14, 1929.)

JAMES S. GOLDEN for appellants.

E. L. MORGAN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Randolph Noe was killed in an industrial accident in Harlan county in August, 1927, while working in the mines of the Wilson-Berger Coal Company. At the time of his death he left surviving him his widow, Naomi Noe, a mother and father, and infant brothers and sisters.

The coal company was operating under the provisions of the Workmen's Compensation Act. After his death his mother, Nannie Noe, and her infant children, Edna, Elmo, Beatrice and Rufus Noe, filed an application with the Workmen's Compensation Board for an adjustment of the claim, and that compensation be awarded to them as partial dependents of Randolph Noe. The widow, Naomi Noe, likewise filed an application for adjustment of the claim, asking that compensation be awarded to her because of her total dependency on her husband. A hearing was had, and an award was made to the widow for the maximum amount of compensation, and the claim of the mother and infant children was denied. The mother and infant children filed a petition for review in the Harlan circuit court, where the award of the Workmen's Compensation Board was upheld.

The question involved on this appeal is whether the award and the judgment of the Harlan circuit court are in conformity with the laws of this state as construed by this court. Randolph Noe had lived at home with his parents, and it is made to appear that he had contributed towards the support of the family prior to his death. The mother and infant children claim that they were partial dependents under the provisions of section 4893, Ky. Stats., and that during the year immediately preceding the death of Randolph Noe he had contributed a part of his earnings towards their support. He married on August 6, 1927, and his death occurred on August 22d. After his marriage he remained at the home of his parents, although he and his wife were making arrangements to move into a home of their own. There is some question over the fact of his contributing, or not, towards the support of his mother and the infant brothers and sisters after his marriage. That he did contribute towards the support of the family prior to his marriage seems to be admitted in the award made by the board. Counsel for appellee takes the position, in his brief, that partial dependency cannot defeat the claim of one who is wholly dependent, or cause a division of the award between total dependents and partial dependents. He cites cases from other jurisdictions on the question, and says that he finds no case in this jurisdiction where the question has been discussed. Counsel for both sides appear to have overlooked the opinion of this court in Penn v. Penn, 183 Ky. 228, 209 S. W. 53. It was there held that

a partially dependent father of a deceased employee should participate in the compensation with the wife of the deceased, whom the law presumed to be wholly dependent, in that proportion which the partial dependency of the father bears to total dependency. The facts in that case were somewhat similar to the facts in this case. It is the only opinion of this court we find directly bearing on the question. There have been five sessions of the General Assembly since the opinion in that case was written, and if the court placed a construction upon the law which was out of harmony with the intention of the General Assembly in its enactment, there have been abundant opportunities to amend the law.

After the trial in the circuit court an affidavit was filed in support of the motion and grounds for a new trial. That affidavit disclosed that the widow had married since the award was made. If such is true, under the provisions of section 4894, Ky. Stats., compensation to her ceased upon her marriage, and upon the cessation of compensation due to her the remaining persons who were dependent should receive, during the unexpired period for which compensation was awarded, such compensation as they would have received had they been the only persons entitled to compensation at the time of the accident. This court cannot make awards in such cases. If the mother and infant children as partial dependents were entitled to a portion of the award which should have been allowed by the Compensation Board at the time the award was made, the marriage of the widow does not affect their rights. The whole matter should be referred again to the Compensation Board, and it should determine the degree of partial dependency of the mother and infant children, if they were dependent at all, and make such an award to them as is authorized by the law. The board will ascertain whether the widow has remarried, and if she has she is not entitled to further compensation. If she has not remarried the board should determine whether the mother and infant children were partial dependents, and if so should divide the award between the widow on the one side and the mother and children on the other in such proportion as the facts may justify.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.