## Sizemore v. Beattyville Company.

(Decided June 20, 1922.)

### Appeal from Lee Circuit Court.

1. Master and Servant—Workmen's Compensation Act—Original Acceptance Binding in Subsequent Employment Where Employe Returns Within a Reasonable Time.—Section 4957, Kentucky Stat-

utes, provides: "If the employment be intermittent or be temporarily suspended, the original acceptance of the employe shall continue effective in subsequent employment under the same employer. Held, that the statute applies in every case where the employe stops work for any cause whatever, and thereafter returns to work for the same employer at the same place within a reasonable time, and that the employe's original acceptance of the workmen's compensation act continues effective unless he files with his employer a written notice withdrawing his election as provided by section 4959, Kentucky Statutes.

2.  Master and Servant—Workmen's Compensation Act—Constitutionality.—As the employe may withhold his consent in the first instance or withdraw an acceptance once made whenever he desires to do so, the foregoing construction does not render the workmen's compensation act unconstitutional on the ground that the employe is deprived of the right of choice, or the provisions of the act are imposed on him against his will.

3.  Master and Servant—Workmen's Compensation Act—Original Acceptance Binding in Subsequent Employment—Reasonable Time. —Where an employe returns to work within nine weeks after he quit or was discharged, his return is within a reasonable time and his original acceptance of the workmen's compensation act is binding unless withdrawn.

4.  Appeal and Error—Submission of Question to Jury Harmless Where Court Should Have Decided the Same Way as a Matter of Law.—The submission of question to jury is harmless error where court should have decided the same way as matter of law.

SAMUEL M. WILSON and ROSE & STAMPER for appellant.

B. R. JOUETT and ROBERTS & PENDERGRASS for appellee.

## Opinion of the Court by Judge Clay—Affirming.

Guy Sizemore brought suit against the Beattyville Company to recover damages for personal injuries which he received while working as a driver in its coal mine. The company challenged the jurisdiction of the court on the ground that it and Sizemore were operating under the workmen's compensation act at the time of the accident. On this issue the jury found in favor of the company, and Sizemore has appealed.

The material facts are these: Sizemore first went to work for the company on April 4, 1921, when he accepted the provisions of the workmen's compensation act by signing the register kept by the company. He continued to work until May 20, 1921, when he says he was discharged. He returned to work on June 15, 1921, and worked for only half a day. He came back on July 22nd

and worked until July 25th, the day on which he was injured.. Between May 20th and June 15th, and between June 15th and July 22nd, he was working for the Biggs Coal Company on Sturgeon creek in Lee county. George Anderson, the company's manager, testified that Sizemore was working by the hour and paid by the hour, and that at the end of every hour he was at liberty to go or continue the work. The assistant mine foreman testified that Sizemore quit, but that he did not discharge him. What occurred was that he told Sizemore "to go into a different haul to drive into the tunnel that day," and Sizemore said he would not do it, "that he would go home first." He then told Sizemore "that was all right, to go on." Sizemore then asked for his time and he gave him an order for his money.

So far as the record shows Sizemore signed the register only once, and that was at the time of his original employment.

The question for decision is whether his original acceptance of the workmen's compensation act was binding on him at the time of the accident.

The applicable provisions of the workmen's compensation act are as follows:

Section 4957. ''Election to operate under the provisions of this act shall be effected by the employe by signing the following notice, to-wit:

''I hereby agree with (name of employer) to accept the provisions of chapter (33), acts of 1916, commonly known as the Kentucky workmen's compensation act.

''The election shall be effective from and including the date of signing, which shall be inserted opposite the employe's signature. In case an employe be unable to write, his mark shall be witnessed by a third person, who shall at the time read the notice to the employe. Any number of employes may sign the same notice, provided, that there be conspicuously written or printed at the top of each page thereof on which signatures appear a copy of the above form of notice. If the employment be intermittent or be temporarily suspended, the original acceptance of the employe shall continue effective in subsequent employment under the same employer.

''Identification of such signature or mark of the employe shall constitute conclusive proof of his election to operate under the provisions of this act, in any hearing

or proceeding in which such election may be material or in issue."

Section 4959. "At any time after electing to operate under the provisions of this act, either party may withdraw such election, the employer by filing written notice with the board stating the date when such withdrawal is effective, and the industry, business or operation covered thereby, by personal written notice to the employe, or posting in conspicuous places about such place of business not less than one week next preceding the date on which the same is to become effective, copies of such notice of withdrawal; the employe desiring to withdraw such election shall file with the employer a written notice of withdrawal, stating the date when such withdrawal is to become effective. Following the filing or giving of such notices, the status of the party withdrawing shall become the same as if his former election had not been made; provided, however, that withdrawal shall not be effective as to any injury sustained less than one week after the filing thereof.

"An employer, while operating under the provisions of this act, shall at all times keep posted in conspicuous places about his place of business notices to that effect, in such form as may be prescribed by the board."

Counsel for appellant insists that the court should have held as a matter of law that appellant was not operating under the provisions of the workmen's compensation act at the time of the accident. His argument is that it is immaterial whether appellant was discharged, as he says, or quit and received his time, as the assistant mine foreman says, since, in either event, the relation of master and servant had ceased, and the original contract of employment had ended, and his subsequent employment was a separate and independent contract requiring a new acceptance of the workmen's compensation act. To hold otherwise, it is claimed, would be to impose the provisions of the act upon the employe without his consent and thereby render the act unconstitutional. We appreciate the force of this argument, but as the workmen's compensation act is regarded as a progressive step in the administration of justice and commands a liberal interpretation, we must be careful not to give the statute regulating the matter of election a construction that will defeat the purpose of the act. The language of the statute is, "If the employment be intermittent or be temporarily suspended, the original acceptance of the employe

shall continue effective in subsequent employment under the same employer.'' Doubtless there are some employments where the relation of master and servant continues, although the employe is not working at the time. In other instances, men are employed and paid by the day or by the hour, and when that time ends, they are no longer in the service of the master. There are also cases where employes become sick and ask for and receive their time, or the plant is shut down and the employes are paid off, and the relation of master and servant no more exists than if the employes had been discharged or quit the service of the master. It is apparent, therefore, that the mere severance of the relation of master and servant cannot be regarded as controlling, and that there is no sound basis for a distinction between a case where the employe voluntarily quits or is discharged and a case where he is compelled to stop work on account of sickness or because the plant is shut down. Indeed, it would be going far afield to say that the legislature intended that a prior acceptance of the workmen's compensation act should not be binding on an employe who returned to work the morning after he quit or was discharged. In a sense it is a new employment, but the statute nevertheless applies, since it provides in terms that the original acceptance of the employe shall continue effective *in subsequent employment* under the same employer. If the statute applies where the employe returns the day after he quits or is discharged, there is no reason why an interval of a week or a month or any reasonable time should change the rule. We therefore conclude that in every case where an employe stops work for any cause whatever, and thereafter returns to work for the same employer at the same place and within a reasonable time, the statute applies and his original acceptance of the workmen's compensation act continues effective unless he files with his employer a written notice withdrawing his election, as provided by section 4959, Kentucky Statutes.

Nor does this view of the statute in question render the workmen's compensation act unconstitutional. As the employe may withhold his acceptance in the first instance or withdraw an acceptance once made whenever he desires to do so, it cannot be said that he is deprived of the right of choice, or that the provisions of the act are imposed on him against his will.

In this case Sizemore returned to work within nine weeks after he quit or was discharged. In our opinion

his return was within a reasonable time, and the trial court should have held as a matter of law that he was operating under the workmen's compensation act at the time of his injury. That being true, he was not prejudiced by the submission of the question to the jury.

Judgment affirmed. Whole court sitting.