# Kelse Branch Coal Company v. Spradlin's Guardian, et al.

(Decided December 16, 1927.)

## Appeal from Johnson Circuit Court.

1.  Master and Servant.—Where Workmen's Compensation Board found that mother and two infant sisters of deceased were dependent upon him to the extent of 50 per cent., subsequent finding that they were equally dependent upon him held to mean that each of such dependents at the time of the accident was dependent on deceased to the extent of 16⅔ per cent.

2.  Master and Servant.—Court of Appeals held bound to assume, under Workmen's Compensation Act (Ky. Stats., secs. 4880-4987), that finding of workmen's compensation board that combined dependency of three claimants was 50 per cent., and that they were equally dependent, was supported by some competent evidence, where evidence was not before court.

3.  Master and Servant.—Partial dependent of deceased employee held not entitled to combined compensation previously paid to all partial dependents, because of termination of dependency of other partial dependents, but only to compensation at same rate as paid to her before terminaiton of their dependency, under Workmen's Compensation Act, particularly Ky. Stats., secs. 4893, 4894.

4.  Master and Servant.—"Total dependency" exists if dependent receives his entire support from deceased employee, regardless of proportion of employee's wages contributed to him, and "partial dependency" exists if dependent receives less than entire support from employee; the percentage of partial dependency being determined by proportion of employee's wages contributed to him, so that in no case can combined dependency of partial dependents exceed 100 per cent., under Workmen's Compensation Act, particularly Ky. Stats., secs. 4893, 4894.

LEVI & BRYSON for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On February 19, 1923, Robert Spradlin, while employed by the appellant, Kelse Branch Coal Company, sustained an accident arising out of and in the course of his employment, which resulted in his death. He was survived by his mother, Ida Spradlin, and two infant sisters, Cora and Golda Spradlin. A claim for compensation was made by the mother and sisters, and the Workmen's Compensation Board made the following award:

"This case coming on to be heard and the Workmen's Compensation Board being sufficiently ad-

vised, it is ordered and adjudged that Ida Spradlin, for herself and on behalf of her infant children, Cora Spradlin and Golda Spradlin as 50 per cent. dependents of the deceased, Robert Spradlin, recover of defendant, Kelse Branch Coal Company, compensation at the rate of $6 per week for a period of 335 weeks, with 6 per cent. interest on all past-due payments and $75 burial expenses.''

All parties concerned were apparently satisfied with the award, and the appellant paid to Ida Spradlin for herself and on behalf of her infant children compensation at the rate awarded by the Compensation Board until the institution of this suit.

On September 26, 1923, Cora Spradlin, sister of the deceased employee, married, and Ida Spradlin, mother of the deceased employee, married on October 19, 1924. When it learned of the marriage of two of the partial dependents, the coal company filed a petition with the Workmen's Compensation Board requesting it to determine and fix the per cent. of dependency of each of the parties, and the board thereafter entered the following order:

"This case having been submitted upon motion of defendant to apportion and fix the amount due Mrs. Ida Spradlin, mother of deceased employee, and Cora Spradlin and Golda Spradlin, sisters of the deceased employee, all of whom have been awarded compensation as partial dependents in the foregoing cause, and the board having considered same and being sufficiently advised, finds, orders, and adjudges that each of said partial dependents are entitled to compensation awarded in equal shares, and each partial dependent is awarded compensation at the rate of $2 per week.

"It further appearing to the board that Ida Spradlin and Cora Spradlin, two of said partial dependents, have married, certified copies of the marriage certificates being filed with the record in this case, it is therefore ordered and adjudged by the board that payment of compensation to these partial dependents be terminated, but that payment of compensation at the rate of $2 per week be continued to the claimant Golda Spradlin.''

The guardian of Golda Spradlin, being dissatisfied with the ruling of the Compensation Board, filed a peti-

tion in the Johnson circuit court to review the board's ruling, in which it was alleged in substance that the Workmen's Compensation Board had found that Ida Spradlin, Cora Spradlin and Golda Spradlin were dependents of the deceased employee to the extent of 50 per cent., and that, two of the partial dependents having married, dependent Golda Spradlin was entitled to receive the full compensation theretofore allowed all of the dependents, and that the board was in error in allowing her only $2 per week, and in ordering terminated the payments that had formerly been made in behalf of Ida Spradlin and Cora Spradlin.

A demurrer to the petition was overruled, and the coal company then filed its answer, in which it set out the original award made by the Compensation Board and the order subsequently made determining and fixing the amount of compensation due and payable to each of the partial dependents, and alleged that the compensation due and payable to Ida Spradlin and Cora Spradlin ceased and terminated upon their marriage, and that Golda Spradlin was only entitled to receive and collect $2 per week, the amount awarded her by the Compensation Board, and that it was ready and willing to make payments to her at that rate. A demurrer to the answer was sustained, and, the coal company declining to plead further, judgment was entered adjudging that Golda Spradlin was entitled to compensation at the rate of $6 per week. From that judgment, the coal company has appealed.

It is insisted for appellant that, under section 4894, Kentucky Statutes, compensation payable to a partial dependent terminates and should lapse upon cessation of dependency, and that the remaining partial dependents are only entitled to such fractional part of the total weekly award as the amount of support such partial dependent received during the last twelve months of the life of the deceased employee bore to the latter's total earnings. Section 4894, Kentucky Statutes, provides in part:

"Compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent, and upon the cessation of compensation to or on account of any person the compensation of the remaining persons entitled to compensation shall, for the unexpired period during which their compensation is payable, be that which such persons

would have received during such unexpired period if they had been the only persons entiled to compensation at the time of the accident.''

It appears that Ida Spradlin and her two infant daughters, at the time of the death of her son, Robert Spradlin, had no means of support except that furnished them by Robert Spradlin and another son of Ida Spradlin.  The Compensation Board found that the mother and two infant sisters of Robert Spradlin were dependent upon him to the extent of 50 per cent. and awarded to them collectively compensation at the rate of $6 per week.  When the petition was filed to determine and fix the amount payable to each of them, the board found that they were equally dependent, and that each of them was therefore entitled to one-third of the total award.  The finding of the board necessarily meant that each of the partial dependents at the time of the accident sustained by Robert Spradlin, was dependent on him to the extent of 16 2/3 per cent.  This being true, had either of them been the only person entitled to compensation at the time of the accident, she should have been awarded compensation at the rate of $2 per week.

In case of total dependency, upon the death or marriage of one of the total dependents, the compensation theretofore apportioned to him is payable to the remaining total dependents; but this rule does not apply to a case in which there are only partial dependents since section 4893, Kentucky Statutes, provides in part, that—

''Partial dependency shall be determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next preceding the date of injury.''

Had each of the claimants been partial dependents to the extent of 50 per cent., each would have been entitled to $6 per week; but, in view of the method provided by the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987) for determining partial dependency, the combined dependency cannot exceed 100 per cent., and then the deceased employee must have contributed all of his earnings to the dependents.  Had the deceased employee in this case contributed all of his earnings in equal proportions to his mother and two sisters, each of them would have been 33 1/3 per cent. dependent.  The board found, however, that the collective dependency of the three claimants was 50 per cent., and, being equally de-

pendent, that each was entitled to $2 per week; such finding necessarily being based on the fact that the decedent contributed 16 2/3 per cent. of his earnings to each of the dependents. The evidence heard by the board is not before us, but in its absence we must assume there was some competent evidence to support the finding. By the provisions of section 4893 partial dependency must be determined by the proportion of the earnings of the employee which have been contributed to the partial dependent, and a claimant partially dependent is entitled to such fractional part of the amount to which a total dependent would be entitled as the amount of support each partial dependent received during the last 12 months of the life of the employee bore to his total earnings.

In this case Golda Spradlin was 16 2/3 per cent. dependent, and was entitled to compensation at the rate of $2 per week, and her rights were not affected by the subsequent marriage of her mother and sister.

Our Workmen's Compensation Act provides different methods for determining total and partial dependency. Total dependency exists if the dependent receives all of his support from the deceased employee, regardless of the proportion of the employee's wages contributed to the dependent. Partial dependency exists if the dependent receives less than his entire support from the employee, and the degree of dependency is determined by the proportion of the employee's wages contributed to the dependent.

Such acts in a number of other states provide a similar method for measuring the compensation to be paid partial dependents, but in others a different method is provided. For example, in Minnesota the act provides that the amount payable to a partial dependent shall be determined by the proportion the amount contributed by the deceased employee bears to the total income of the dependent. Statutes of Minnesota; 1917 Supplement, Section 8208.

The method provided by our act for determining partial dependency often results, as in the present case, in the payment of a mere pittance to the dependent; but that is a matter over which this court has no control.

The judgment is reversed, with directions to dismiss the petition.

Whole court sitting.