## R. C. Tway Coal Company v. Fitts.

(Decided January 20, 1928.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—In a proceeding by a mother under the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987) for compensation for the death of her son, held that there was some evidence supporting the Compensation Board's finding that the deceased was his mother's whole support, and, that being true, the finding was conclusive upon the reviewing court.

2. Master and Servant.—It is only in cases of partial dependency, under the Workmen's Compensation Act, that compensation is determined, as provided by Ky. Stats., sec. 4893, subsec. 3, according to the proportion of the employee's earnings which he contributed to dependents during the year preceding his injury.

3. Master and Servant.—In a proceeding under the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987), an award to the mother of 65 per cent of the deceased son's average weekly earnings for a period of 335 weeks, as provided by Ky. Stats., sec. 4893, subsec. 2, held proper upon the showing that the mother was the deceased's sole dependent and was wholly dependent upon him; the fact that she was a nonresident of the state being immaterial because of section 4894.

A. G. PATTERSON for appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

Shepherd Fitts, a colored man, was in the employ of the R. C. Tway Coal Company, and both had accepted the

provisions of the Workmen's Compensation Act. On June 4, 1925, Fitts was killed as the result of an accident arising out of and in the course of his employment. His wages were $13.46 a week. His only surviving relative was his mother, Clausey Fitts, who was about 80 years of age. She applied for compensation. The Workmen's Compensation Board found her to be wholly dependent, and awarded her $8.47 a week for a period of 335 weeks. On appeal to the Harlan circuit court the award was affirmed, and the coal company appeals.

The evidence is in substance as follows: The deceased, who formerly resided in Alabama, had been living in Kentucky for several years. He married in Kentucky, but his wife had been dead for four or five years. For about two years prior to his death he maintained a household with a colored woman in charge. For some time he had been accustomed to sending money, shoes, clothing, etc., to his mother, Clausey Fitts, who lived in Alabama. His mother was unable to state the amount of money, but estimated that he sent her about $100 during the year just preceding his death. He stated to some of the witnesses that he was sending money to his mother, and others claim to have been present when he was mailing letters which, he stated, contained money. Clausey Fitts lived with her son-in-law, George Brazell, who opened the letters containing some money. He was not able to state the sums actually received by her, but testified that the money, clothing, and other articles were sufficient to take care of her, and that the money was used to buy supplies for her and his family. There is no evidence to the contrary except the inference to be drawn from the fact that the deceased was making only $13.46 a week, and as he was maintaining a household in Kentucky, the amount of money sent to his mother could not have been very much. On this showing it cannot be said that there is no evidence supporting the board's finding that Clausey Fitts was wholly dependent upon the deceased, and, that being true, the finding cannot be disturbed by this court. Ames Body Corporation v. Vollman, 199 Ky. 358, 251 S. W. 170.

But it is insisted that as the evidence tends to show that the deceased furnished to his mother only $100 during the years preceding his death compensation should have been awarded on the basis of one-sixth of his annual earnings. There is no merit in this contention. It is

only in cases of partial dependency that the compensation is determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next preceding the date of the injury. Section 4893, Kentucky Statutes, subsec. 3. Where there are one or more wholly dependent persons, 65 per cent. of the average weekly earnings of the employee, but not more than $12 nor less than $5 per week, shall be payable for a period of 335 weeks. Section 4893, subsec. 2, Kentucky Statutes. Among those who may be dependent is the mother of the deceased, even though she may not be living in his household at the time of the accident. Section 4894, Kentucky Statutes. As to all persons other than those presumed to be wholly dependent, the relation of dependency in whole or in part is a question of fact. Section 4894, supra. There being some evidence that Clausey Fitts was wholly dependent on the deceased, the finding of the board as before stated is conclusive of that question, and, it further appearing that she was the sole dependent, the board did not err in awarding her 65 per cent. of the average weekly earnings of the deceased for a period of 335 weeks.

Judgment affirmed.