## Clark Quarry Company, et al. v. Moore.

(Decided February 28, 1928.)

Appeal from Mason Circuit Court.

Master and Servant.—Evidence held to support award of $4 per week for 335 weeks as compensation for death of claimant's son, under Workmen's Compensation Act (Ky. Stats., secs. 4880-4987); being sufficient to warrant award of full compensation of $12 per week for total dependency.

H. L. MEANS for appellants.

THOMAS D. SLATTERY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

While Grover Moore was employed by the appellants, and in the course of his employment, he was killed in an accident. Appellants and Grover Moore had accepted the provisions of the Workmen's Compensation Act (secs. 4880-4987, Ky. Stats). Grover Moore was about 37 years of age and was unmarried. The appellee, Mary E. Moore, was his mother. She had been a widow for 23 years. At the time of his death she had no property of any kind and no income. She was unable to work owing to her physical condition. She lived with a daughter who was married. This daughter had no property and no income other than such as she earned as the result of her labors. The mother paid board to the daughter and also helped to pay the rent of the place where they resided. Grover Moore was 14 years old when his father died while living in Ohio. He began work about that time, contributing to the support of his mother. The family moved to Maysville, Ky., where they resided for about 9 years. Grover Moore remained at home during the greater portion of the time contributing to the support of his mother. About 8 years before his death his mother moved to Newport, where she resided with her daughter. Grover Moore also made that his home, but he was usually away at work. He gave his mother money from time to time which she used towards her support. During the year preceding his death he had visited his mother about three times, and each time he gave her a few dollars. In addition he sent her small contributions on three or four occasions. The evidence is not definite as to how much he contributed towards her support

during the last year of his life. Probably the sum was not more than $80.

The mother filed claim before the Workmen's Compensation Board on the ground that she was dependent upon her son, Grover, for support. The board heard evidence and concluded that she was one-third dependent upon her son, and awarded her $4 a week for 335 weeks. Upon a review of this award in the Mason circuit court it was approved and confirmed.

It is urged by appellants that Grover Moore did not contribute towards the support of his mother during the last year of his life exceeding 8.6 per cent. of his earnings, and that the board should have made an award no greater than that percentage of $12, which is the maximum award which could have been made by the board to a total dependent. On the other hand, it is urged by counsel for appellee that the proof was sufficient to show that she was wholly dependent, and that the board was justified by the evidence in making the award of $4 a week. We cannot agree with the contention of counsel for appellants, and we are unwilling to decide that the contention made by counsel is correct even if the evidence showed that appellee was a partial dependent, but we are not deciding that point.

Under the authority of R. C. Tway Coal Co. v. Fitts (Ky.) 1 S. W. (2d) 1082, and the case of Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497, we are of the opinion that the board was acting within the law and the facts in making the award of $4 a week for 335 weeks.

In the case of Kelse Branch Coal Co. v. Spradlin's Guardian et al., 222 Ky. 432, 300 S. W. 892, the court said:

"Total dependence exists if the dependent receives all of his support from the deceased employee, regardless of the proportion of the employee's wages contributed to the dependent."

If the board had found that the mother of Grover Moore was wholly dependent upon her son for her support and had awarded her the full compensation which could be allowed under the law, there was sufficient evidence in the record to have supported such an award. She is not complaining, and appellants certainly have no ground to complain.

Judgment is affirmed.