## Pet Milk Company v. Workmen's Compensation Board et al.

(Decided October 23, 1928.)

### Appeal from Graves Circuit Court.

1. Master and Servant.—The Workmen's Compensation Law (Ky. Stats., secs. 4880-4987) must be liberally construed to accomplish its object.

2. Master and Servant.—Where employee received injury to his hand and drew compensation for month, and after hand had healed to some extent he took odd jobs several weeks with knowledge of employer's manager and then returned to employment and was killed on day he returned, compensation could be allowed under Ky. Stats., sec. 4957, though he did not sign register again, where all parties understood that employee was simply returning to work and that it was unnecessary for him to sign register again.

3. Master and Servant.—Under Workmen's Compensation Law (Ky. Stats., secs. 4880-4987), award to parents of $5.85 per week for employee's death held warranted, where proof was uncontradicted that parents were totally dependent on him and another son and there was some proof that decedent was earning as much as $21 a week.

4. Master and Servant.—Court of Appeals will not disturb finding of Workmen's Compensation Board where there is any evidence to sustain it.

GARDNER & McDONALD for appellant.

F. V. MARTIN and SETH T. BOAZ for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Some months prior to August 4, 1927, Roy Whitten-
ton was employed by the Pet Milk Company, and both
parties accepted the provisions of the Workmen's Com-
pensation Law (Ky. Stat., secs. 4880-4987). On August
4, Whittenton received an injury to his hand which re-
sulted in blood poisoning. He drew compensation for a
month for the injury, and after the hand had healed to
some extent, with the knowledge of the manager of the
plant, he took some odd jobs for several weeks, but not
consecutively, and on December 17 returned to his old
place at the milk company. On that day he was killed,
and an application was made for compensation by his
father and mother on the ground that they were totally
dependent upon Roy and another son. On these facts
the Board adjudged them entitled to recover compensa-
tion at the rate of $5.85 a week for a period of 335 weeks
and funeral expenses not to exceed the sum of $75. The
milk company then brought a proceeding in the circuit
court to set aside the judgment of the Board. The cir-
cuit court on hearing the case dismissed the petition and
confirmed the action of the Board. The milk company
appeals.

Roy Whittenton did not sign the compensation reg-
ister when he returned to work. The manager makes this
statement about his not signing the record:

"There was nothing said about signing the
record then. Somebody said he had signed it be-
fore."

The manager also makes this answer to this ques-
tion:

"Q. As a matter of fact, he was injured and
had had blood poison in his hand and was laid off
and just picked up little odd jobs when he could.
You did have an understanding that he was to come
back as quick as he could? A. I imagine that was
his understanding."

Appellant insists that no compensation can be allowed as he did not then sign the register again. Section 4957, Kentucky Statutes, provides:

"If the employment be intermittent or be temporarily suspended the original acceptance of the employee shall continue effective in subsequent employment under the same employer."

In Sizemore v. Beattyville Co., 195 Ky. 776, 243, S. W. 1010, where a like argument was made, the court said:

"In a sense it is a new employment, but the statute nevertheless applies, since it provides in terms that the original acceptance of the employe shall continue effective in subsequent employment under the same employer. If the statute applies where the employe returns the day after he quits or is discharged, there is no reason why an interval of a week or a month or any reasonable time should change the rule. We therefore conclude that in every case where an employe stops work for any cause whatever, and thereafter returns to work for the same employer at the same place and within a reasonable time, the statute applies and his original acceptance of the workmen's compensation act continues effective unless he files with his employer a written notice withdrawing his election, as provided by section 4959, Kentucky Statutes."

The act must be liberally construed to accomplish its object and some force must be given the facts here that all the parties understood that this man was simply returning to work and that it was unnecessary for him to sign the register again. It is also insisted that the award of $5.85 per week is not warranted by the proof. The Board found that the decedent was earning $18 a week. There was some proof that he was earning as much as $21 a week. The proof was uncontradicted that his father and his mother were totally dependent upon him and another son, who was making about the same wages. The statute contains these provisions:

"If there are one or more wholly dependent persons, sixty-five per cent. (65%) of the average

weekly earnings of the deceased employee, but not to exceed twelve dollars ($12.00)' nor less than five dollars ($5.00) per week shall be payable, all such payments to be made for the period between the date of death and 335 weeks after the date of accident to the employee, or until the intervening termination of dependency, but in no case to exceed the maximum sum of four thousand dollars ($4,000).·

"If there are partly dependent persons the payments shall be such part of what would be payable for total dependency as the partial dependency existing at the time of the accident to the employee may be proportionate to total dependency, all such payments to be made for the period between the date of death and 335 weeks after the date of the accident to the deceased employee, or until the intervening termination of dependency, but in no case to exceed in the aggregate of compensation on account of such death the maximum sum of four thousand dollars ($4,000).

"Partial dependency shall be determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next preceding the date of injury; if the relation of partial dependency shall not have existed for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair and reasonable thereunder." Ky. Stats., sec. 4893.

In this case there was evidence showing that the deceased contributed more than half of his earnings for the support of his father and mother, and under the rule laid down in Kelso Branch Coal Co. v. Spradlin, 222 Ky. 432, the Compensation Board was clearly warranted in its finding that they were one-half dependent. Being one-half dependent, they were entitled to one-half of what they would have been entitled to if totally dependent. Sixty-five per cent of $18.00 is $11.70, and one-half of this is $5.85, the amount allowed.

The rule is well settled that this court will not disturb the finding of the Board if there is any evidence to sustain it. The weight of the evidence here sustains the action of the Board.

Judgment affirmed.