# Blue Diamond Coal Company v. Frazier et al.

(Decided May 14, 1929.)

JESSE MORGAN and F. J. EVERSOLE for appellant.

HENRY L. SPENCER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

George Frazier was killed in the mine of Blue Diamond Coal Company on May 16, 1927, by a fall of slate. They had both accepted the provisions of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987). Susan Frazier, his mother, filed an application for compensation for his death as a total dependent. The Compensation Board, upon the proof, made an award in her favor. The coal company then brought this action in the circuit court to review the award. The circuit court dismissed the petition. The company appeals.

The only question made in the case is that Susan Frazier was not entitled to compensation as a person wholly dependent upon the deceased employe under Kentucky Statutes, secs. 4893, 4894. The proof shows these facts:

George Frazier was 28 years old and unmarried. He made his home with his mother, and had no other home. He boarded at the coal mine and returned to his mother from time to time. His mother was a widow 62 years old. She owned no home or property of any kind, except a little household furniture. She had three other sons and two daughters. The other three sons were married, with families to take care of, and unable to support their mother, and in fact not contributing anything to her support. One of the daughters was married, and, like her brothers, unable to contribute to the support of her mother. The other daughter was an infant, living in Michigan with her brother, who was supporting her. The mother testifies that she depended on George Frazier for her support. She had no income of any kind and adds this: "He was about all; only I would work a little, which I could do to make a living." Some months before George was killed, he had been working for a tie company, and left his wages there for his mother. After he went to the coal company, he at one time sent her $25, and on the morning that he was killed he mailed her a letter containing $20. She also testified that, when he would come home, he would give her money, but she could not state the amount.

Another witness makes these statements, putting his testimony in narrative form: "George Frazier gave her money regularly. None of the other children did, that I know of. She had no other means of supporting herself, only what she would work out herself. She is not able to work out much." This is the testimony of one of the sons, who says that he contributed nothing, and presumably knew what the other sons were doing. The other testimony in the case shows conclusively that Mrs. Frazier is able to do nothing except a little household work, and that she is not strong. George Frazier, when he signed the compensation register, was asked if he had any dependents and said that he had none. But the meaning of dependents was not explained to him, and it appears that many men think this applied only to wife and children.

The rule is well settled that the judgment of the Compensation Board will not be disturbed, if there is any evidence to sustain it. The rule also is that the Compensation Act must be liberally construed, with the view to promoting its purposes. One of the purposes of the act is to provide for the dependents of the workman injured

452

in the course of his employment, for their right to sue and obtain compensation for his death, under the constitutional provision, is taken away. The statute, therefore, should be liberally construed in their favor. A person may be wholly dependent on an employe, although he may have some slight savings of his own, or some other slight property, or be able to make something by his own services. 40 Cyc. p. 60, sec. 51. In Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497, the mother of a workman who had been killed was held entitled to compensation as a wholly dependent person on proof of facts not as strong as the proof here, and very similar to it. The same conclusion was reached in Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082, where the proof was no stronger than in this case.

Judgment affirmed.