## East Kentucky Coal Company v. Johnson et ux.

(Decided May 21, 1929.)

W. A. STANFILL and A. T. BRYSON for appellant.

MOORE & SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

Elbert Johnson, who was about 28 years old, was killed on January 20, 1927, in appellant's mine, after having been employed there about 10 days. His average earnings at the time were at the rate of $19.20 a week. The appellees, his father and stepmother, were allowed compensation of $6 a week for 335 weeks. The board found that they should be classed as 50 per cent. dependent.

The only question involved on this appeal is whether the lower court was correct in holding that there was credible evidence in the record to sustain the award of the Compensation Board. It is admitted that there was some dependency, but not that much. The rule respecting the trial of questions of fact in this class of cases is recognized by the appellant, and is so well established as to require no restatement.

Section 4893 of the Statutes provides for compensation proportionate to the degree of dependency and lays down in a general way how that degree is to be ascertained, namely:

"Partial dependency shall be determined by the proportion of the earnings of the employee which have been contributed to such partial dependent during one year next preceding the date of injury; if the relation of partial dependency shall not have existed for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair and reasonable thereunder."

The amount of the deceased's earnings and their distribution during the year next before his employment in appellant's mine is meager, and not altogether satisfactory. We have examined the record, and conclude that the statement in the award as to what the evidence was is substantially correct, and adopt that as our statement of the facts, namely:

"The evidence . . . shows no definite amount contributed by the deceased to his father and mother for one year prior to his death, other than that he and his father made $125 while working at a stone masonry job, which all went to the support of the plaintiffs, and that he worked at different places and earned different amounts and that he contributed 75 per cent. of all he made to the support of the plaintiff. Also it is shown that he was a hard-working boy, and aided his parents in the raising of a crop on their little farm, and that he was engaged by his neighbors at different times in carrying their produce to market, and that his earnings and labor for all this time went to the support of his parents."

It might be added that the father was in bad health, and had been able to work only about 30 days during the

preceding year. His earnings were very little, and the entire livelihood of the family depended on this son. The board arrived at 50 per cent. dependency by deducting 25 per cent. on account of what the evidence showed the son had retained of his earnings for his clothing and other personal use, and 25 per cent. on account of his own maintenance at home. This appears to be fair and just, and the award is fully sustained.

The judgment is affirmed.