## Price et al. v. Louisville Hydro-Electric Company.

(Decided September 24, 1929.)

WOODWARD, HAMILTON & HOBSON for appellants.

FRED FORCHT and ELI BERRY for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

Lyman K. Price, 23 years old, an employee of the appellee, Louisville Hydro-Electric Company, met an accidental death while at work. Both parties had accepted the provisions of the Workmen's Compensation Act. Price's two sisters, Carrie, aged 18 years, and Eliza, aged 15 years, claimed the benefits of the act as partial dependents. The Workmen's Compensation Board awarded them jointly $2 a week for 335 weeks. On a review by the circuit court, this was set aside. From the judgment, an appeal is prosecuted by the claimants.

The evidence before the board proved that this young man, his father, and two sisters lived together.

His father earned about $33 a week and paid the rent, grocery bills, and principally clothed the girls. His two sisters attended school, but kept house and did the cooking and laundering for the family. It was proved that young Price worked fairly regularly as a laborer, and that his earnings were from $18 to $25 a week. When he was employed, he would give to his sister Carrie an average of $15 a week, to be applied to the household expenses and maintenance of herself and sister, especially to the payment of their car fare, school lunches, and the like. It appears that a married sister and her husband had, a short time before young Price met his death, stayed temporarily in the home, and that the brother-in-law upon several occasions had contributed something towards the household expenses while there. Young Price was shown to be an exceptionally hard-working and well-behaved young man, not wasting any of his earnings.

Appellee argues that the evidence showed that the father maintained the two girls, and that the brother only made voluntary contributions or presents to them, and did not contribute to their support, and consequently they were not dependent to any extent. We do not consider that conclusion warranted.

The measure of proof required to sustain an award of the Workmen's Compensation Board is less than that required to sustain the verdict of a jury. In the latter case, all of the evidence is considered, and from it the court concludes whether or not the verdict is palpably against the evidence. When the award is made by the Compensation Board, the court has to determine only whether there was any competent evidence upon which the award might have been based. In the recent case of Harvey Coal Corporation v. Pappas, 230 Ky. 108, 18 S. W. (2d) 958, 959, the rule is thus well stated:

"There is no evidence of fraud practiced by any one; the question before this court is, not whether the award is sustained by the evidence, but rather whether there was any evidence tending to support the award. This court will not consider the question whether the findings of the board are palpably or flagrantly against the evidence. We will only determine that there is evidence to support the findings, or that there is not any evidence to support the find-

ings. It is not our province to weigh the evidence in such cases."

Clearly, the evidence as above outlined was sufficient to support the award.

But it is argued that there can be no division of dependency, and, since the father was legally liable for the maintenance of these two girls and the brother had no such legal obligation, his employer ought not now to be held responsible. Such a construction is violative of the spirit as well as the letter of the act, for subsection 3 of section 4893 of the Statutes relate to partial dependency and provides how it shall be determined. Compensation is to be awarded proportionate to the degree of dependency. East Kentucky Coal Company v. Johnson, 229 Ky 606, 17 S. W. (2d) 708. Dependency shall be determined in accordance with the facts of each case existing at the time of the accident. A sister is included in the class who may be declared partially or wholly dependent. Section 4894, Statutes.

It is said in behalf of appellee, however, that such a dependent must be a member of the decedent's household, and that these sisters were members of their father's household. That section provides that "no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident, or unless such person bears to the employee" the named relationships. It is not necessary that both requirements shall be met, but only one or the other. Our Reports are full of cases in which compensation has been approved, where there was a divided dependency. In Melcroft Coal Company v. Hicks, 224 Ky. 173, 5 S. W. (2d) 1049, it was held on other authority that, where a deceased minor son had contributed to the family expenses, his father was entitled to compensation. See, also, Layman Calloway Coal Company v. Miracle, 224 Ky. 434, 6 S. W. (2d) 495; East Kentucky Coal Company v. Johnson, supra; and Clark Quarry Company v. Moore, 223 Ky. 379, 3 S. W. (2d) 763.

The judgment of the lower court is accordingly reversed for consistent proceedings.