## Sandlick Coal Company v. Day et al.

(Decided March 28, 1930.)

FRENCH HAWK for appellant.

ASTOR HOGG and ROBERT BLAIR for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Cecil Day, an employee of the appellant, was killed on May 12, 1927, in an accident arising out of and in the course of his employment. Both he and the appellant were operating under the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987). He was unmarried. The appellee, his mother, in due course of time, made claim before the Compensation Board for compensation as a total dependent upon her son. The appellant resisted the claim. Evidence was heard and the Compensation Board adjudged her to be a total dependent. From the award in accordance with that finding, the appellant took a petition for review to the circuit court which affirmed the award of the Compensation Board, and from that judgment this appeal is prosecuted.

The appellant insists that the evidence heard by the Compensation Board established that the appellee was not a total dependent upon her son. Under familiar principles, if there was any relevant and competent evidence to support the finding of the board in its finding of fact, such finding is conclusive upon us. While it is true

the evidence shows that the appellee is married, and that she and her son lived in the house on a little hillside farm owned by her husband, the step-father of her boy, yet there was evidence to show that this husband, who is a cripple, was, and is unable to earn enough to do much more than pay the taxes on his property, much less alone to support his family, and that in truth, not only was the appellee, but her husband and his children, who were half-brothers and sisters of the deceased, were also dependent entirely for their living upon Cecil Day. Complaint is made that the appellee was allowed to testify about her dependency, but there is no objection in the record to her testimony in this regard. It is true appellant objected to the appellee testifying about the half-brothers and sisters being dependent, and this on the theory that there had been no claim asserted in their behalf, but the appellant did not object to the appellee testifying about her own dependency. Appellant introduced a lot of evidence to establish that Cecil Day spent a large portion of his earnings upon himself, from which it is argued that the appellee, therefore, was not totally dependent upon her son. But whether her dependency was total or not, did not turn on how much her son contributed of his wages to her support, but whether she had to look to him entirely for that support. See R. C. Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082; Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497. The fact that the appellee did the cooking, washing, and ironing, and the household duties for the family did not preclude her from being a total dependent within the meaning of the statute.

In the case of Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406, 407, where a like contention was made, we said:

"The rule is well settled that the judgment of the Compensation Board will not be disturbed, if there is any evidence to sustain it. The rule also is that the Compensation Act must be liberally construed, with the view to promoting its purposes. One of the purposes of the act is to provide for the dependents of the workman injured in the course of his employment, for their right to sue and obtain compensation for his death, under the constitutional provision, is taken away. The statute, therefore, should be liberally construed in their favor. A per-

son may be wholly dependent on an employee although he may have some . . . slight property, or be able to make something by his own services.''

The judgment is affirmed.