# Madden et al. v. Black Mountain Corporation.

(Decided March 17, 1931.)

POPE & HUFF for appellants.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Reversing.

The Black Mountain Corporation, on the 25th day of November, 1929, was engaged in mining coal. Harvey Madden, its employee, while engaged in mining its coal, was injured "by reason of an accident arising out of and in the course of his employment," from which his death resulted. He left surviving him his mother, Rachel Madden, his father, Isaac Madden, Jr., and infant brothers and sisters, George Madden, Ludie Madden, Mollie Madden, Mina Madden, and Harrison Madden.

An application was made by Rachel Madden and Isaac Madden, the mother and father of deceased, to the Workmen's Compensation Board for adjustment of their claim, based upon their own, and their infant children's dependency upon the deceased. Testimony was taken, and on a trial the board awarded to the father and mother of deceased and five of his infant brothers and sisters, compensation at the rate of $5.85 per week, for a period of 385 weeks, with 6 per cent. interest on all past-due payments, and $75 for burial expenses. It found that they were partially dependent upon him, and, as such, were entitled to compensation. The appellant filed in the Harlan circuit court a petition for review of the award.

The circuit court adjudged "there was no evidence in the record to sustain the finding of the Board . . ." and their claim therefore was dismissed by order of the court and the plaintiffs adjudged its costs against the defendants, from which they appeal.

The appellee insists that Rachel Madden is an incompetent witness in behalf of herself and her husband and her infant children, because (1) her testimony concerns transactions with a decedent; and (2) that she is the wife of Isaac Madden.

In the taking of her testimony she was asked and answered as follows:

"Q. Mrs. Madden, if Harvey during his lifetime and within twelve months last past next before he came to his death, contributed anything to your support in the way of money, groceries, clothing, or anything of that sort, yourself and the immediate family, tell the board what he contributed? (Defendant objects; sustained; plaintiff excepts.)

"21. Did Harvey Madden contribute anything to your support? (Defendant objects; sustained; plaintiff excepts.)

"A. Yes, sir.

"Q. Were you a partial dependent of Harvey Madden? A. Yes, sir.

"Q. Were you a dependent of Harvey Madden? (Defendant objects; sustained; plaintiff excepts.)

"Q. Mrs. Madden, tell the Board whether or not any of the members of your family, including the children you have named, were depending in whole or in part on the support of Harvey Madden? (Defendant objects; overruled; defendant excepts.)

"A. I drew his scrip. I depended on him for his part. (Defendant objects to the answer; sustained; plaintiff excepts.)

"Q. Did he contribute any to the support of his brothers and sisters who were living in the same household that he was and you, in money or goods, or groceries or whatever it might be? (Defendant objects; overruled; defendant excepts.)

"A. Yes, sir, I handled his scrip card, I drew his scrip to buy groceries, feed for the cows, or whatever I had to have and gave me money to do the same with when he drew it."

The appellee, by objecting to the admission of this testimony before the board, thereby saved its right to object thereto in the circuit court and in this court.

Being the wife of Isaac Madden, the testimony of Rachel Madden in support of his claim was incompetent: Civil Code of Practice, sec. 606, subsec. 5. It was likewise incompetent in her own behalf by reason of subsection 2, sec. 606, Civil Code of Practice. Her testimony as a witness in her own behalf concerned verbal statements of a transaction with, or acts done by, the deceased.

The appellee insists that the claim of the infant brothers and sisters of deceased is joint and so interrelated with that of the mother, she being an incompetent witness for herself, is likewise incompetent to testify in their behalf. To support this contention it relies upon Gernhart v. Straeffer's Ex'r, 172 Ky. 823, 189 S. W. 1141; Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167, and cases therein cited.

In the above cases, written instruments were attacked and a cancellation was sought. The rule announced in those cases has no application to the present one. The dependency of the mother, father, and infant brothers and sisters upon a deceased son and brother is not so interrelated as to constitute a joint dependency. The interest of the mother affected her credibility, but not her competency as a witness in behalf of her infant children. Benge's Adm'r v. Fouts, 174 Ky. 654, 192 S. W. 703; Harlan Fuel Co. v. Swanson et al., 220 Ky. 449, 295 S. W. 406; Price et al. v. Louisville Hydro-Electric Co., 230 Ky. 562, 20 S. W. (2d) 448, 449. In such cases one dependent may testify for another, even though they and deceased were members of the same family at the time he came to his death. Harlan Fuel Co. v. Swanson et al., supra; Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497. It is shown by the testimony of the mother that Harvey Madden, the deceased, was 21 years of age, August 23, 1929; that he received his injury November 25, 1929, and died November 26, 1929. He was single and made his home with his father, mother, and infant brothers and sisters. He had been working for three years pretty regularly. He contributed to the support of his brothers and sisters who were living in the same household; his mother drawing his scrip and buying clothing for the children, groceries, and other household necessities which were used for the benefit of the family, including the infant brothers and sisters. The father worked in timber at times, but not regularly. The deceased contributed to the support of the other young children by the month; their mother drawing his wages at the mine at any time. Mr. Marfell, chief clerk of the appellee, says that deceased began work at the mine March 1, 1929, and worked until he was killed. His total earnings were $187.28; that his mother drew his scrip at the mine; that he delivered it to her.

The decedent helped to support his infant brothers and sisters, although he was not compelled to, but did so apparently from necessity. Living as members of the family in the same household, the infant brothers and sisters, as members of the family, received at least a part of decedent's wages for their support.

The testimony of Mrs. Madden not objected to before the board and "not concerning any verbal statement of a transaction with, or any act done, or omitted to be done, by the deceased," was competent even in her

own behalf, Cochran v. Commonwealth, 236 Ky. 284, 33 S. W. (2d) 30. Her receiving from the appellee at the mines the deceased's scrip issued in payment of his wages was not a transaction between her and deceased. Her testimony as to the fact is corroborated by that of an employee of the appellee. The fact that deceased was living as a member of his father's family must be considered.

"It was a legitimate inference that the family was deriving substantial benefit from the fact that he remained living there and voluntarily gave all his wages into the common fund." Conners v. Public Service Electric Co., 89 N. J. Law, 99, 97 A. 792, 794.

The above quotation was approved by this court in Melcroft Coal Company v. Hicks, 224 Ky. 175, 5 S. W. (2d) 1049. In Price et al. v. Louisville Hydro-Electric Co., supra, in discussing the question of joint dependency or interrelated dependency we used this language:

"But it is argued there can be no division of dependency, and, since the father was legally liable for the maintenance of these two girls and the brother had no such legal obligation, his employer ought not now to be held responsible. Such a construction is violative of the spirit as well as the letter of the act, for subsection 3 of section 4893 of the Statutes relates to partial dependency and provides how it shall be determined. Compensation is to be awarded proportionate to the degree of dependency. East Ky. Coal Co. v. Johnson, 229 Ky. 606, 17 S. W. (2d) 708. Dependency shall be determined in accordance with the facts of each case existing at the time of the accident. A sister is included in the class who may be declared partially or wholly dependent." Section 4894, Ky. Statues.

It has been so often announced by this court that, if there is any competent evidence to support or to authorize the finding of the board, this court will not disturb its finding, we do not deem it necessary again to cite authority to sustain the rule in such cases.

It takes less evidence to sustain the finding of the board than is required to sustain a verdict of the jury. There is no reason why the scintilla rule should not be applied to the action of the board, the same as it is by the courts, in cases tried by a jury of the vicinage. The only

question on an appeal in such cases to be determined by us is, Is there any competent evidence upon which an award might be based? It is not our province to weigh the evidence heard by the board and determine the issues according to a preponderance of the evidence. Accepting the competent and excluding the incompetent testimony of the mother, and considering its corroboration by an employee of the appellee as to her receiving from appellee the scrip issued by it to the deceased, even if the question of the sufficiency of the evidence was before us, we would be constrained to say such evidence, together with the evidence of the indigent circumstances of this family, and its need of the contribution by deceased, are amply sufficient to sustain the award as to the infant dependents. Excluding from the testimony of the mother the questions propounded to her, and her answers made thereto, to which the appellee objected before the board, and considering it and the evidence of the actual need of the mother of the necessities furnished by deceased in support of herself and infant children, coupled with the evidence of the employee that the mother received the scrip at the mines, due deceased as his wages, we are not prepared to say there was no evidence before the board to support its findings as to her. The circuit court was without authority to reverse the award of the board and to dismiss the application for adjusted compensation. The appellees were at least entitled to and it was the duty of the court to remand the case for further hearing by the board. Lavman Calloway Coal Co. v. Miracle et al., 224 Ky. 434, 6 S. W. (2d) 495.

Wherefore the judgment is reversed, and cause remanded, with directions to enter judgment enforcing the award, except as to Isaac Madden, and the proceeding, if desired, may be remanded to the board as to him for further hearing.