# J. F. Hardymon Company et al. v. Kaze et al.

## Same v. Kaze's Guardian et al.

(Decided November 24, 1931.)

EUGENE R. ATTKISSON for appellants.

B. S. GRANNIS and DONALD L. WOOD for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

These cases originated before the Workmen's Compensation Board, and grew out of the same accident in which Omar Kaze and his stepson, Thomas A. Valentine, employees of the J. F. Hardymon Company, each sustained fatal injuries.

It is agreed that the employer and employees were operating under the Workmen's Compensation Law (Ky. Stats., sec. 4880 et seq.), and that the accident arose out of and in the course of the employment. The questions raised relate to the dependency of the claimants of compensation, and to the amount and apportionment of the awards.

Omar Kaze was the husband of Nannie V. Kaze, and Thomas A. Valentine was her son by a former marriage. Nannie V. Kaze made application to the Workmen's Compensation Board for compensation for herself and three infant children by a former marriage on account of the death of her husband, Omar Kaze. The deceased had been living until his death with his wife and stepchildren. Application was made also for compensation for the same dependents on account of the death of Thomas A. Valentine, who had lived with the family of his mother and stepfather, and who had made substantial contributions to their support.

The guardian of Don, Joy, and Agnes Kaze, dependent children of Omar Kaze by a former wife from whom he had been divorced, claimed compensation for them on account of the death of their father. They were not living with their father at the time of his fatal injury, but were actually supported by him.

The Workmen's Compensation Board awarded compensation to all the claimants. The award to Nannie V. Kaze and her children for the death of Omar Kaze was $3.51 3/7 per week for 335 weeks, aggregating $1,177.29. The award to the same parties for the death of Thomas A. Valentine was $5.85 per week for 335 weeks, amounting altogether to $1,959.79. There was also an award of $75 for the funeral expenses of each decedent.

The award to the dependent children of Omar Kaze was $2.63 4/7 per week for 335 weeks, making a total allowance of $882.96. It will be observed that the board allowed but $6.15 per week for all the dependents of Omar Kaze, although his wages were $39 per week, and the facts warranted an allowance of the maximum sum of $12 per week for the full period of 335 weeks. But the board apparently reduced the award because of the partial dependence of Nannie V. Kaze and her children upon the contributions made by Thomas A. Valentine. The circuit court found from the face of the record "that the Workmen's Compensation Board acted under the mistaken idea that it was limited to a total of $12.00 weekly allowance on account of the death of both Omar Kaze and Thomas A. Valentine," and, being of the opinion that the board, as a matter of law, was not so limited, ordered the cases remanded to the board, with directions to make awards accordingly. The employer, insurance carrier, and members of the board have prosecuted the present appeal from the order remanding the cases.

■ The first question to be determined is the propriety of the awards to the dependents of Omar Kaze. The statute provides for the payment in death cases as follows:

"If there are one or more wholly dependent persons, sixty-five per cent. (65%) of the average weekly earnings of the deceased employee, but not to exceed twelve dollars ($12.00) nor less than five dollars ($5.00) per week shall be payable, all such payments to be made for the period between the date of death and 335 weeks after the date of the accident to the employee, or until the intervening termination of dependency, but in no case to exceed the maximum sum of four thousand dollars ($4,000.00)." Kentucky Statutes, sec. 4893, subsec. 2.

The statute further provides that:

"The following persons shall be presumed to be wholly dependent upon a deceased employee:

"(a) A wife upon a husband whom she had not voluntarily abandoned at the time of the acident; . . . (c) a child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident." Kentucky Statutes, sec. 4894.

It is the settled construction of the statute quoted that the presumption of dependency in the cases to which it applies is conclusive upon the courts as well as the Workmen's Compensation Board. Jones v. Louisville Gas & Electric Co., 209 Ky. 642, 273 S. W. 494; Layman-Calloway Coal Co. v. Martin, 209 Ky. 690, 273 S. W. 496; Rockhouse Coal Co. v. Collins, 212 Ky. 137, 278 S. W. 540; Coleman Mining Co., v. Wicks, 213 Ky. 134, 280 S. W. 936.

If it appears that the deceased employee was survived by some persons that were totally dependent and others that were partially dependent, the award must be apportioned on the basis of the proportion of the earnings of the employee actually contributed to such partial dependents during the year preceding the date of injury. Ky. Stats., sec. 4893, subsec. 3; Penn v. Penn, 183 Ky. 228, 209 S. W. 53; Noe v. Noe, 229 Ky. 490, 17 S. W. (2d) 405.

And, when there are several dependents upon the deceased employee, and all belong to the classes that are conclusively presumed to be wholly dependent, the award must be apportioned among them by the board, as was done in the present instance. The amount of the award, however, should be the maximum sum of $12 per week for 335 weeks, when justified by the facts, and the error in fixing the amount in this case was one of law, which the circuit court could have corrected on the record. The appellants were not prejudiced, however, by the action of the court in remanding the case, and the board should now correct its error by awarding to the widow and dependent stepchildren and children of Omar Kaze the sum of $12 per week for 335 weeks, apportioned among

them in the same proportions the previous award was divided.

■ The remaining question concerns the disposition of the claim of Nannie V. Kaze and her children for compensation on account of the death of her son, Thomas A. Valentine. It is argued that the conclusive presumption of dependency of the claimants upon the husband of Nannie V. Kaze precluded any inquiry into the fact of dependency upon her son. We have held that a person may be wholly dependent on an employee and yet have some other sources of support. 28 R. C. L., sec. 72, p. 779; Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406; Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497; Clover Fork Coal Co. v. Ayers, 219 Ky. 326, 292 S. W. 803; R. C. Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082; Scuddy Coal Co. v. York, 233 Ky. 497, 26 S. W. (2d) 34; Sandlick Coal Co. v. Day, 233 Ky. 632, 26 S. W. (2d) 521.

The son lived with his mother and stepfather, and contributed to the common fund from which the whole family was supported. Such facts afforded adequate basis for a finding by the Workmen's Compensation Board that the mother and her children were partially dependent upon the son, Ky. Stats., sec. 4893, subsec. 3; R. C. Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082; East Ky. Coal Co. v. Johnson, 229 Ky. 606, 17 S. W. (2d) 708; Price v. Louisville Hydro-Electric Co., 230 Ky. 562, 20 S. W. (2d) 448; Melcroft Coal Co. v. Hicks, 224 Ky. 175, 5 S. W. (2d) 1049; Madden v. Black Mountain Corp., 238 Ky. 53, 36 S. W. (2d) 848.

It was held in a Colorado case (Loudon Guarantee & Accident Co. v. Industrial Commission, 78 Colo. 478, 242 P. 680, 681) that the statutory presumption of dependency of a wife and infant children upon the husband and father prevented them from claiming compensation for the death in the same accident of a son and brother, who also made contributions to the family support. In that case it was said that " 'wholly dependent' on him means that they are dependent on no one else; it has no other meaning." It was intimated in the opinion also that the allowance of compensation to the wife for the death of her husband rendered the question of dependency res judicata, and barred her right to claim compensation on account of the death of her son. Such an interpretation, in our opinion, misconceives and misapplies the statutory presumption. It has no place in

any case except the one in which compensation is claimed under the act for the death of an employee upon whom the applicants are presumed to be wholly dependent. It is conclusive in such case, but it does not affect another case for the death of a different employee, where different issues are presented, and different proof is admissible. The presumption of dependency, in the cases where the statute applies, is conclusive, but it is not exclusive of the fact of actual dependency on another employee. The fact that a wife and her infant children are to be treated as wholly dependent upon the husband and father, in a case involving his death, does not exclude inquiry into the facts regarding contributions by another employee to the support and welfare of the same woman and children in another case involving a different death. The measure of partial dependency, defined by the statute, is the proportion of the earnings contributed to the woman and children, not the proportion of benefits received by them compared to their income from all sources. Kelse Branch Coal Co. v. Spradlin, 222 Ky. 432, 300 S. W. 892. Dependence upon one as a matter of law does not preclude the proof of actual assistance rendered by another employee as a matter of fact. In the case of Thomas A. Valentine, the presumption created by the statute for determination of dependency in the Omar Kaze case has no application, and should not be considered. The presumption of dependency upon the husband is conclusive in the case involving his death, but the contribution made by the son was a matter of fact susceptible of proof, to be determined from the evidence in the case involving the son's death. The limit of recovery was fixed by the statute at $4,000, but that is the maximum allowance in each case when two or more persons are killed. Utah Fuel Co. v. Industrial Commission of Utah, 67 Utah, 25, 245 P. 381, 45 A. L. R. 882. It is essential to a good plea of res judicata that the judgment relied upon as a bar involved the same subject-matter as well as the same parties. The subject-matter of the claim for compensation in the first case arose from the death of Omar Kaze, whilst the inquiry in the other case concerned the death of James A. Valentine, 34 C. J., p. 811, sec. 1231; Sumner v. Griffin, 130 Ky. 323, 113 S. W. 422; Combs v. Stacy, 147, Ky. 222, 144 S. W. 24; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Troxell v. Del., L. & W. R. R. Co., 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586; Stokes v. Foote, 172 N. Y. 341, 65

N. E. 176; Utah. Fuel Co. v. Utah Industrial Commission, supra. Freeman on Judgments (5th Ed.), sec. 687, says:

"The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. 'The cause of action is the same when the same evidence will support both actions; or, rather the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former.' " Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442.

Moreover, the statutory presumption is a rule of evidence in a certain class of cases which cannot be put in issue or adjudicated so as to preclude a hearing of a distinct case where the presumption does not prevail. In deed, the statute (Ky. Stats., sec. 4894) expressly provides, after creating the presumption of total dependency in certain specified cases, that "in all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident." Ky. Stats., sec. 4894.

The wages of the son were $18 per week. The fact of his contributions is clearly proven, but the actual amount thereof is left in some uncertainty. The board should determine the amount of contributions made to the common fund by Thomas A. Valentine, and award compensation for his death to his mother and her infant children according to the provisions of section 4893, subsec. 3, Kentucky Statutes, as construed in the cases where that statute was involved. R. C. Tway Coal Co. v. Fitts, 222 Ky. 644, 1 S. W. (2d) 1082; Pet Milk Co. v. Workmen's Compensation Board, 226 Ky. 16, 10 S. W. (2d) 455; Blue Diamond Coal Co. v. Frazier, 229 Ky. 450, 17 S. W. (2d) 406; East Ky. Coal Co. v. Johnson, 229 Ky. 606, 17 S. W. (2d) 708.

Further evidence may be received, or the award may be made from the present record in accordance with the principles enunciated in this opinion.

The judgment is affirmed in each case.