CASE 43.—ACTION BY PETER SUMNER AGAINST WILLIAM GRIFFIN AND ANOTHER TO RECOVER LAND.— November 12.

## Sumner v. Griffin, &c.

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

From a directed verdict for defendants, plaintiff appeals.—Reversed.

1. Judgment—Bar—Dismissal Without Prejudice.—The record of the proceedings, in an action which was dismissed without prejudice, on motion of plaintiff, is not admissible in a subsequent action between the same parties.

2. Judgment—Pleading as Estoppel—Identity of Cause of Action. —To make a former judgment a bar to a subsequent action, it must appear that the two causes of action were identical, and that the proceedings in the former suit were such as to preclude plaintiff from bringing another action for the same cause; and allegations that the controversy had been litigated in a prior suit between the parties, the record of such suits being only referred to as a part of the answer, are defective in failing to set out the record in the former suit, so as to show that the present cause of action was in issue and was adjudicated therein.

3. Pleading—Allegations—Reference to Exhibits.—An exhibit referred to therein will not aid a defective pleading.

4. Judgment—Pleading as Estoppel.—A plea of former adjudication should show the nature and scope of the former decision, and its application to the present controversy, and particularly should show that it was rendered before the institution of the present suit, the relief granted therein, and that it was

a final adjudication, but it need not allege that the former
judgment is valid, or remains in force, or has not been
reversed, vacated, or appealed from; these being presumed.

T. Z. MORROW for appellant.

VIRGIL P. SMITH and O. H. WADDLE & SON for appellee.

Opinion of the Court by Judge Hobson—Reversing.

Peter Sumner brought this suit against William
Griffin and Nody Griffin, alleging that he was the
owner of a certain tract of land, and that the defend-
ants were without right in possession of a part of the
tract, and were unlawfully keeping him out of posses-
sion. William Griffin filed an answer, in which he
denied that Sumner was the owner of the land, and
pleaded that he was the owner, and that he and those
under whom he claimed had been in adverse posses-
sion of it for 30 years. In another paragraph of the
answer he pleaded that the controversy in the action
had theretofore been litigated and settled between the
parties in two separate suits in the same court, in
which the same questions were at issue, and that, by
reason of the judgment in those suits, the plaintiff was
estopped from the prosecution of this action. The
record in those cases was referred to as part of the
answer. By consent of parties the affirmative allega-
tions of this paragraph of the answer were traversed
of record. After the plaintiff on the trial had intro-
duced evidence which made out for him a prima facie
case, the defendant William Griffin was introduced as
a witness, and said that Nody Griffin was living on the
land under him, and that he had been sued for this
land three times by the plaintiff. The clerk of the
court was then introduced, and read to the jury a

judgment in case 3,801 of Peter Sumner v. William Griffin, which showed that the court, at the conclusion of the evidence, had instructed the jury in that action peremptorily to find for the defendants, and that this was done and the petition dismissed. But no part of the pleadings in that case was read, and nothing was introduced but the judgment, which does not show what was in controversy in that action, or identify the cause of action in any way with the cause of action here sued for. The clerk then read to the jury the proceedings in action 3,954 of Peter Sumner v. William Griffin, which showed that the action was, on motion of plaintiff, dismissed without prejudice. The plaintiff objected to the introduction of each of said records, and, his objection being overruled, excepted. The court thereupon instructed the jury peremptorily to find for the defendants, and the plaintiff appeals.

The court should not have allowed the defendant to read to the jury the proceedings in action 3,954, which was dismissed without prejudice, as that record threw no light upon the controversy. The only other thing read to the jury was the judgment in action 3,801, but this was wholly insufficient to show that the proceedings in that case were a bar to this action. In order to make out a bar the plaintiff must show by the record and other proof the identity of the cause of action in that case with the thing in controversy in this case, and that the proceedings there were such as to conclude the plaintiff from bringing another action for that cause. On the return of the case the defendant will be allowed to amend his answer. The answer does not show that the cause of action is the same, or state facts sufficient to manifest prima facie that the plaintiff is concluded by the judgment in the action referred to. The rule is well settled that an exhibit

will not help out a defective pleading, and here the records are merely referred to. A copy of them was not filed as an exhibit with the pleading. In 23 Cyc. 1525, this rule is thus stated: "There is no special form for pleading a former adjudication, nor is it required to be pleaded with special strictness; but the plea should show the nature and scope of the former decision, and its applicability to the present controversy as a judicial determination of the points or questions in issue. In particular it should show the date or time of the rendition of the prior decision, or at least that it was given before the institution of the suit at bar, the amount of the recovery or relief granted by the judgment, and that the judgment was a final adjudication, although it is not necessary to allege that the judgment is valid, that it remains in full force, or that it has not been reversed, vacated, or appealed from, as these things are presumed." To the same effect see 9 Ency. Pl. & Pr., 619-621.

The common-law forms for such a plea are given in 3 Chitty on Pleading, side pages 929, 1062. These forms contain the averment that the judgment is in force, but in 1 Chitty on Pleading, side page 371, it is said: "It is usual, also, to allege that the judgment still remains in full force and effect, and that the plaintiff has not obtained execution or satisfaction thereof; but this allegation is unnecessary." In Kenney v. Howard, 67 Vt. 380, 31 Atl. 850, the court, holding sufficient such a plea, said: "It is urged that this plea is bad because it does not allege that the judgment of the probate court still remains in full force, and not reversed, satisfied, or made void. Such an allegation is not necessary. If a judgment set out in a plea does not remain in full force, the other party

may show it in the replication." So in Campbell v. Cross, 39 Ind. 155, the court said: "We think that on principle, as well as authority, a party in pleading a judgment is not bound to allege, in addition to the statement of its recovery or rendition, that it still remains in full force, etc., because when rendered it is presumed to remain in force until the contrary appears. Presumption of law need not be stated. If a judgment pleaded has been set aside or reversed, the other party can avail himself of the fact in response to the party pleading the judgment." To the same effect are Murphy v. Orr, 32 Ill. 489; Fenn v. Roach (Tex. Civ. App.), 75 S. W. 361; 2 Saunders on Pl. & Ev., 254, and 1 Abbott's Forms, 333. Hornick v. Holtrup, 76 S. W. 874, 25 Ky. Law Rep. 1030, went off, on the ground that the case was submitted prematurely.

While the plea here was not defective in that it was not averred that the judgment pleaded in bar was in force, it was defective in that it did not set out so much of the record as was necessary to show that the matter here sued for was in issue and was adjudicated in that action on the merits.

Judgment reversed, and cause remanded for a new trial.