# Rhoads et al. v. Miller, Commissioner of Finance, et al.

June 23, 1944.

A. E. Funk and Sarah S. Layman for appellant.

Eldon S. Dummit, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The question presented by this action instituted by appellants for a declaration of rights is the validity of the following resolution adopted over the Governor's veto by the 1944 General Assembly:

"A Joint Resolution providing an allowance for postage, stationery, supplies and stenographic work, to each member of the present General Assembly, and the Lieutenant-Governor.

"Whereas the proper representation of the citizens of this Commonwealth requires that the members of the

General Assembly keep in constant touch with the citizens of the districts which such members represent, by correspondence and by telephone, and

"Whereas no provision has heretofore been made to enable members of the General Assembly to convey messages by telephone and by correspondence to the citizens whom they represent or to make adequate inquiry of such citizens as to their desires with regard to proposed legislation, and

"Whereas to make the funds available for such purpose will enable the performance of a public service which has not previously been performed, now therefore

"Be it resolved by the General Assembly of the Commonwealth of Kentucky:

"1. Each member of the present General Assembly, shall be entitled to the sum of three hundred dollars, and the Lieutenant-Governor and Speaker of the House shall be entitled to the sum of five hundred dollars, as an allowance for postage, telephone, stationery, supplies and stenographic work. Such allowances shall be paid at the beginning of the session and shall be in lieu of the allowance made by KRS 6.220.

"2. Such allowances shall be paid by the State Treasury out of the General Funds, upon warrant of the Department of Finance issued on the requisition of the Clerks of the respective Houses.

"Whereas it is necessary that the allowances provided for by this resolution be made forthwith in order to properly expedite the business of the present General Assembly, an emergency is declared to exist and this resolution shall be effective from and after its passage and approval by the Governor."

The constitutionality of the resolution is attacked on several grounds, but, for the reasons hereinafter set forth, we may dispense with a consideration of the relevant provisions of the Constitution other than Secs. 42 and 235:

"Section 42. The members of the General Assembly shall severally receive from the State Treasury compensation for their services, which shall be five dollars ($5.00) a day during their attendance on, and fifteen cents (15c) per mile for the necessary travel in going

to and returning from, the sessions of their respective Houses: Provided, The same may be changed by law; but no change shall take effect during the session at which it is made; nor shall a session of the General Assembly continue beyond sixty legislative days, exclusive of Sundays and legal holidays; but this limitation as to length of session shall not apply to the first session held under this Constitution, nor to the Senate when sitting as a court of impeachment. A legislative day shall be construed to mean a calendar day.''

''Section 235. The salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to the members of the General Assembly also.''

Appellants' counsel concede that ''if the resolution in question is in fact a resolution to increase the salaries of the General Assembly at this session, it is in violation of Section 42 of the Constitution of Kentucky.'' It would be equally violative of Section 235 in the case hypothesized; but, since the record is devoid of evidence as to the cost of the items specified in the resolution, and a proper respect for a co-ordinate branch of the Government restrains us from indulging a presumption that an increase in compensation was intended, it is obvious that unless the General Assembly has itself disclosed that such was its purpose, we would be unwarranted in adjudging the resolution void on the ground that it violated the sections quoted.

But we are of the opinion that the General Assembly, by specifically enacting the following Statute fixing the expense allowance and compensation of future members, has made unmistakably clear its intent that all but $50 of the expense allowance to each member should be retained by him as compensation. The Statute referred to is as follows:

''An Act relating to the compensation, travel allowance and stationery allowance of members and officers of the General Assembly.

''Be it enacted by the General Assembly of the Commonwealth of Kentucky:

''1. Section 6.190 of the Kentucky Revised Statutes is amended to read as follows:

"Each senator and representative shall receive fifteen dollars a day during his attendance on, and fifteen cents per mile for necessary travel in going to and returning from, the sessions of the General Assembly.

"2. Section 6.200 of the Kentucky Revised Statutes is amended to read as follows:

"The President of the Senate and the Speaker of the House of Representatives shall each receive twenty dollars per day while attending the sessions of their respective bodies.

"3. Section 6.220 of the Kentucky Revised Statutes is amended to read as follows:

"In lieu of stationery, there shall be allowed to each member of the General Assembly, including the Lieutenant Governor, the sum of $50.00. This allowance shall be paid out of the State Treasury at the beginning of the session.

"4. The amendments made by this Act shall not apply to any present officers or members of the General Assembly during the terms for which they were elected."

It will be observed that by the terms of the resolution the $300 expense allowance is "in lieu of the allowance made by KRS 6.220", and that the Statute subsequently enacted amends KRS 6.220 so as to read:

"In lieu of stationery, there shall be allowed to each member of the General Assembly, including the Lieutenant-Governor, the sum of $50.00. This allowance shall be paid out of the State Treasury at the beginning of the session."

KRS 6.220 (KS 371), allowing senators, including the Lieutenant Governor, $35 and each representative $20 "in lieu of stationery," was enacted in 1893, and its constitutionality has never been attacked. Whether constitutional or not, the lump sum allowances thus made have been deemed sufficient to defray the expenses incurred by the members in discharging their official duties since no other statute providing an allowance for their expenses has been enacted. In the light of this history, could it be said that, although prior to 1944 $35 and $20 respectively were sufficient to defray the expenditures required to be made by senators and representatives in discharging their official duties during a

session of the Legislature and hereafter $50 will be sufficient, in 1944 $300 for each member and $500 for the Lieutenant Governor and Speaker of the House was deemed necessary? We think that there could be but one answer to that question, an answer which makes it unnecessary to consider the merits of the grounds upon which the Attorney General has attacked the constitutionality of the resolution.

Judgment affirmed.

Whole Court sitting.