**Cam SMITH et al., Appellants,**

**v.**

**Silas CAMPBELL, Appellee.**

Court of Appeals of Kentucky.

Dec. 9, 1955.

William T. Ely, Paducah, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

Garrett M. Castle, Harlan, Cleon K. Calvert, Pineville, Hazelrigg & Cox, Frankfort, for appellants.

James Sampson, James S. Greene, Jr., Harlan, for appellee.

CULLEN, Commissioner.

This appeal involves the validity of lump sum payments for office rent and telephone made to the magistrate members of the Harlan Fiscal Court under an order or resolution of the fiscal court adopted in 1946. The action was brought by a citizen and taxpayer against all magistrates who had served as members of the fiscal court at any time since 1946, and against the county treasurer. Judgment was entered against the magistrates, individually, for all payments that had been made to them from a date five years before the commencement of the action, it being held that recovery of earlier payments was barred by the five-year statute of limitations. KRS 413.120. The judgment also enjoined the county treasurer from making any further payments. The magistrates and the treasurer have appealed.

The defenses pleaded by the appellants were, first, that the fiscal court had authority, necessarily implied from the statutes, to make the payments; and, second, that a judgment of the Harlan Circuit Court in 1935, upholding the validity of a previous resolution of the Harlan Fiscal Court providing for allowances to the magistrates for office rent, was res adjudicata of the question. The case was submitted on the pleadings, and the court, in giving judgment for the plaintiff, found the defenses were not sustainable. On this appeal the appellants contend that the defenses should have been sustained.

In 1950 the General Assembly enacted KRS 64.710, which provides:

"No public officer or employe shall receive or be allowed or paid any lump sum expense allowance, or contingent fund for personal or official expenses, except where such allowance or fund either is expressly provided for by statute or is specifically appropriated by the General Assembly."

There is no contention that any statute provides expressly for the lump sum allowances made by the Harlan Fiscal Court; therefore, we think it is clear that any payments made after the effective date of KRS 64.710, June 30, 1950, were invalid.

We think it is unnecessary for us to consider whether, as an initial proposition, the payments made before June 30, 1950, were valid, because it is our opinion that the plea of res adjudicata should have been sustained as to those payments. The plea is not sustainable as to the payments made since June 30, 1950, because the statute which became effective on that date, and which we find to be controlling as concerns payments made after that date, was not in existence at the time of the previous judgment in 1935, and therefore the 1935 judgment did not pass on the legal question presented by the 1950 statute. See 30 Am. Jur., Judgments, sec. 206, p. 943.

In concluding that the 1935 judgment is res adjudicata as to the validity of the payments made before June 30, 1950, we treat the question decided by that judgment as being whether the fiscal court had implied statutory authority to make reasonable lump sum allowances to its magistrate members for office expenses. Under this view the fact that the 1935 allowance was only $10 per month, and was for office rent only, whereas the allowance now in question consists of $30 per month for office rent and $10 per month for telephone, is immaterial, because, first, office rent and telephone expense both fall into the general category of

office expense, see Commonwealth v. Nunnelly, 211 Ky. 409, 277 S.W. 506, and, second, the amount of the allowances is not such as to raise any question of their being unreasonable. A different question might arise if the reasonableness of the amount of the present allowances was an issue. Cf. Rhoads v. Miller, 298 Ky. 346, 182 S.W.2d 248.

■ As concerns the factor of implied statutory authority, we take judicial notice of the fact that there were no statutory changes between 1935 and 1950 affecting the question. Therefore the legal situation remained the same.

With respect to the question of whether the *parties* are the same, the appellee makes some point of the fact that the 1935 judgment was rendered on an appeal from an order of the fiscal court, in which the county attorney was the appellant and the fiscal court as an entity was the appellee; whereas the present action is by a citizen and taxpayer as plaintiff against the individual magistrates as defendants.

■ We have no difficulty in concluding that the county attorney in the 1935 action, and the citizen and taxpayer in the present action, both represented the people of the county and therefore were privies in interest. Accordingly, on one side of the actions the parties must be considered the same. It is also our opinion that on the other side of the actions the fiscal court in the 1935 action, and the individual magistrates in the present action, must be considered as privies and the same parties. Any individual liability of the magistrates to repay the allowances made to them would depend upon a finding that the fiscal court had no authority to make the allowances. It seems to us that a finding in an action against the fiscal court, that the authority did exist, must be conclusive of the question of individual liability, because of the dependent nature of the liability. However, it does not follow necessarily that a judgment in an action against the fiscal court, that it did *not* have authority to make payments, would be res adjudicata of the individual liability of the magistrates. Conceivably they might have individual, personal defenses that could be asserted. The latter question is one that is not before us, and we do not decide.

■ We see no inconsistency in holding that a judgment *upholding* authority of a fiscal court is conclusive of nonliability of its members individually, while at the same time recognizing that a judgment *denying* the authority may not be conclusive of liability of the members. There is ample authority for the proposition that where a defendant's responsibility depends upon the culpability of another, who in a previous action against him has been adjudged not culpable, the defendant in the instant action may have the benefit of that judgment as an estoppel. This is so even though a judgment holding the other person culpable would not be conclusive as to the defendant. See 30 Am.Jur., Judgments, sec. 246, pp. 975, 976.

■ ■ As previously stated, this case was submitted on the pleadings. The appellee now maintains that the answer did not contain sufficient allegations concerning the 1935 action and judgment to constitute a good plea of res adjudicata. We think the answer was sufficient. Its allegations showed what the subject of the controversy was; who the parties were; that the case was decided on its merits; and that the judgment was never appealed from, has never been reversed or modified, and is still in full force and effect. We do not subscribe to the view that the answer must be accompanied by the complete record of the proceedings in the case relied upon as res adjudicata. See 30 Am.Jur., Judgments, secs. 266, 267, pp. 990, 991. It is enough if the answer alleges facts showing that the matter now in issue was in issue in the former action between the same parties or their privies and was decided on its merits by a judgment that remains in force and effect. See Sumner v. Griffin, 130 Ky. 323, 113 S.W. 422.

As to the county treasurer the judgment is affirmed. As to the other appellants the

judgment is reversed, with directions to enter judgment against them only for such sums as were paid to them subsequent to June 30, 1950.

HOGG, J., not sitting.