## Rockhouse Coal Company v. Collins, et al.

(Decided December 18, 1925.)

### Appeal from Letcher Circuit Court.

1. Master and Servant—Compensation Board Authorized to Disregard Compromise of Widow's Claim as Dependent.—In view of Kentucky Statutes, section 4894, prescribing that wife shall be presumed to be totally dependent on deceased husband for the purpose of Workmen's Compensation Act, where stipulation brought widow within terms of such statute, agreement with her that she was only partly dependent on deceased was contrary to section 4889, and Workmen's Compensation Board had power to disregard such agreement and award compensation on theory of total dependence.

2. Master and Servant—Proof Held Inadmissible to Show Wife Not Wholly Dependent on Husband.—Under Kentucky Statutes, section 4894, raising presumption that wife, not abandoned by hus-

band, is wholly dependent on him in compensation cases, proof
is not admissible to show that she is not wholly dependent on hus-
band, despite section 4893, providing that all relations of depen-
dency shall be construed to mean dependency existing at time of
accident, since this latter section does not allow proof to be heard
on extent of dependency but deals only with existence of depen-
dency

WILLIAM M. DUFFY and EMERY L. FRAZIER for appellant.

FRENCH HAWK and MATHEWS & MATHEWS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming

O. C. Collins, a colored man, was an employee of the
appellant, Rockhouse Coal Company, in its mine in
Letcher county. Both he and the company were operat-
ing under our Workmen's Compensation Act and he sus-
tained an accident compensable thereunder from the
effects of which he died, leaving as his sole dependent his
widow, the appellee, Eliza Ella Collins. She agreed with
appellant and its insurance company that she was only
fifty per cent dependent upon her deceased husband, and
an application to the board for an award in her favor was
made pursuant to that agreement. The board declined
to approve it and awarded the widow full compensation
under the act. The employer carried the case to the cir-
cuit court for review of the award pursuant to the right
to do so conferred by the act, and that court affirmed the
award, and complaining of it appellants have brought the
case here.

We have this day decided in the case of Workmen's
Compensation Board v. Abbott, et al., 212 Ky. 123, that
the provisions in the act against voluntary settlements be-
tween employer and employee, or dependents after death
ensued, without the approval or consent of the board, pre-
scribed by the act, were invalid and unenforceable, since
it was competent for the legislature in the exercise of the
police power to so enact, and that the inhibiting provis-
ions of the statute were valid and binding to the extent of
nullifying such settlements, unless approved or consented
to by the board, which is the representative of the public
with the imposed duty to see that the public policy, intent
and purpose of the act were carried out. Unless, there-
fore, facts were presented establishing a substantial rea-
son for approving the settlement agreement the board
was justified in disregarding it and reviewing courts
should abide by its determination.

It is insisted, however, that the agreement here involved was not such as the board had the right to disapprove; but we can not give our assent thereto. Section 13 of the act, now sec. 4894 of our present statutes, prescribes who are dependents under it and creates three classes who "shall be presumed to be wholly dependent upon a deceased employee," the first of which is "A wife upon a husband whom she had not voluntarily abandoned at the time of the accident," The stipulation filed in this case brings the widow completely within that provision. In the very recent cases of Jones v. Louisville Gas & Electric Company, 209 Ky. 642, and Layman-Calloway Coal Company v. Martin, idem 690, we held that a surviving widow coming within the above provision was conclusively presumed to be dependent upon her deceased husband, and the statute makes her "wholly dependent" upon him, in which case the employer is under obligation to compensate her as such. Any agreement, therefore, looking to reduction of compensation to her as a "wholly dependent" would be in violation of section 8a of the act, now section 4889 of the statutes, unless the agreement was approved or consented to by the board. Workmen's Compensation Board v. Abbott, *supra*. Furthermore, there can be no doubt but that the character of agreement here is in effect one to accept less than the statutory scale of compensation, and is as much against the public policy intended to be subserved by the act as any agreement looking to the reduction of compensation, since it would afford a means to circumvent the provisions of the act as effectually as any other agreement that the employer and employee, or his dependent, could possibly enter into.

But it is said that subsection 4 of section 12 of the act, now 4893 of our statutes, reading: "All relations of dependency herein referred to shall be construed to mean dependency existing at the time of the accident to the employe," allows proof to be heard upon the question as to the *extent* of dependency sustained by *all* of the classes of dependents enumerated in the statute. But we do not so interpret that language, since it deals with "relations of dependency" sustained at the time of the injury, and not to the *extent* of the dependency, and its purpose was to give compensation to only those who were dependents *at the time* of the accident to the employee, and not to those who were theretofore dependents but who had ceased to be such.

Since the statute itself makes a surviving wife "wholly dependent" upon her deceased husband, and its construction, as made in the cases, *supra*, furnishes a conclusive presumption that she is such if she had not voluntarily abandoned him at the time of the accident, no proof could be introduced to show otherwise, and the agreement to the contrary, and which is sought to be upheld by appellant, is not enforceable, especially without the approval or consent of the board.

It not having done so in this case, the court correctly sustained its award, and the judgment is affirmed.