## Hunt's Adm'x et al. v. Fuqua.

November 22, 1949.

498

Rodes K. Myers and Leland H. Logan for appellant.

Finn & Orendorf for appellee.

JUDGE CAMMACK—Affirming.

This is an appeal from a judgment of the Warren Circuit Court setting aside the order of the Workmen's Compensation Board affirming an award made by the referee to appellant.

The deceased employee was a bus driver for the appellee. The only question presented here is the cause of the death of the employee.

On October 14, 1944, the employee was driving an empty bus from Morganfield to Bowling Green. A few miles from Bowling Green the bus apparently left the highway, crossed a shallow ditch, proceeded down a fence row, knocking down three posts, and finally came to rest against a small sapling. There were no eyewitnesses. When discovered shortly thereafter the employee was found dead on the front seat of the bus. The widow filed application for compensation with the Workmen's Compensation Board.

The substance of the evidence introduced on behalf of the claimant was that deceased had apparently enjoyed good health until the day of his death, and that

when found there was a cut over one eye, a bruise about the size of a silver dollar over the other, a scar upon his nose and a cut upon one hand. Those testifying on behalf of the claimant say that the bus traveled a distance of about 75 yards after leaving the highway.

It is the contention of the claimant that the evidence is sufficient to sustain the referee's finding that the deceased met his death as the result of an accident.

The evidence introduced by the company in opposition to the claim was that the road at this point was straight and that without apparent cause the bus left the highway, crossed the shallow ditch, and proceeded about 100 feet. The posts which were knocked down were admittedly rotten and the only damage done to the sapling consisted of a piece of bark being knocked off. The bus was undamaged except that the bumper brace was broken and the body was scratched somewhat by barbwire. The bus was driven away under its own power. The testimony of mechanics indicates the bus was in perfect operating condition.

The coroner and the undertaker, at whose establishment the coroner made his investigation, stated there were no external marks on the body, with the exception of an indentation the same size as, and apparently produced by pressure of the dead body upon, the seam of the leather seat. The coroner listed the cause of death as a cerebral hemorrhage. Both he and the undertaker testified that it was their belief that this was the cause of death. Neither were physicians, and both the referee and the Board ruled their testimony incompetent. The Circuit Judge in his opinion stated that the testimony of the undertaker would be competent under the decision in Black Starr Coal Co. v. Reeder, 278 Ky. 532, 128 S. W. 2d 905. We agree.

A druggist in Morganfield testified that the deceased, prior to returning to Bowling Green on the day in question, entered the drug store and ordered an alkaseltzer, complaining that he was feeling bad and suffering from a headache and a stomach disorder. The coroner and the undertaker also testified that there was a discoloration about deceased's face, which the undertaker explained was the result of blood seeking the surface and could have been the aftermath of a cerebral

hemorrhage. There was also evidence that the deceased had been rejected for military service.

Both parties are in agreement as to the principles of law; that is, that the claimant had the burden of proof, which may be satisfied by circumstantial as well as direct evidence, and that if there is any substantial evidence to sustain the Board's finding, it should be affirmed. However, it is the appellee's contention, and the Circuit Judge so found, that there was no evidence indicating that the employee met his death by other than natural causes.

A careful inspection of the record convinces us that the trial court correctly so found.

The judgment is affirmed.