James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Allie Mae HYLTON, widow of Hays Hylton, Deceased, Island Creek Coal Company, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 14, 1977.

John Riehl, Jr., Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

Harry R. Stamper, Lowe, Lowe & Stamper, William J. Baird, III, Baird & Baird, Pikeville, for appellees.

Before GANT, VANCE and WILHOIT, JJ.

GANT, Judge.

The sole issue on appeal is whether the presumption of dependency referred to in KRS 342.075(1)(a) with regard to a surviving spouse is conclusive or rebuttable.

Allie Mae Hylton, widow and dependent of Hays Hylton, filed her application seeking widow's benefits on January 6, 1975, alleging that her husband died as a result of pneumoconiosis and a heart attack on October 11, 1974. Another application for dependency benefits was filed by the guardian of James Hays Hylton, the son of the decedent, alleging that his father died of pneumoconiosis and a heart attack.

The Board in its opinion and award of October 4, 1976, found that Hays Hylton died of a heart attack, that his wages were sufficient to justify the maximum award, and that he was survived by a dependent wife, the appellee, and a dependent son. The Board further found that the appellee was working at a hospital earning $2.10 per hour at the time of her husband's death and had been so employed for approximately 11 years. From this evidence the Board determined that the appellee was 50% dependent upon the decedent. Of this 50% dependency, the Board apportioned 25% of the liability to the employer and the remaining 75% to the Special Fund.

The Pike Circuit Court increased the percentage of the appellee's dependency upon her deceased husband to 100%, thus granting the appellee the sum of $55.80 per week rather than $27.90 per week as awarded by the Workmen's Compensation Board. This appeal followed.

This controversy centers around KRS 342.075(1)(a) which provides in part:

The following persons shall be presumed to be wholly dependent upon a deceased employee:

(a) a surviving spouse upon a decedent whom the surviving spouse had not voluntarily abandoned at the time of the accident, or who having been abandoned by the decedent has not engaged in such conduct since his abandonment as would at common law constitute grounds justi-

fying the abandonment of such wife by her husband or such husband by his wife.

Appellant submits that the abovementioned provision creates a rebuttable presumption of dependency and that this presumption has been rebutted by having shown that the claimant was working and contributing to her own support at the time of decedent's death. However, it is settled construction of the statute (KRS Section 4893, the predecessor to KRS 342.075) that the presumption of dependency and the cases to which it applies is conclusive upon the courts, as well as the Workmen's Compensation Board. *J. F. Hardymon Co. v. Kaze*, 241 Ky. 252, 43 S.W.2d 678 (1931); *Rockhouse Coal Co. v. Collins*, 212 Ky. 137, 278 S.W. 540 (1925). The conclusive presumption of being "wholly" dependent cannot be defeated or otherwise contradicted by extraneous testimony in all cases where the dependent met the provisions of the section of the statute. *Reynolds Metal Co. v. Glass*, 302 Ky. 622, 195 S.W.2d 280 (1946). This Court has gone so far as to hold that the voluntarily abandoned wife of the deceased, from whom she had never been divorced, was conclusively presumed to be wholly dependent on him and entitled to compensation, even though she was not actually being supported by him at the time of his accidental death. *Ritchie v. Katy Coal Co.*, 313 Ky. 310, 231 S.W.2d 57 (1950).

For the reasons stated above, the judgment of the Pike Circuit Court is affirmed.

All concur.