Frances Jones MILLS, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers' Fund, Appellant,

v.

Lova VAUGHN, Dependent of Willis Vaughn, Deceased, George Frye, Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

April 27, 1979.

Robert F. Stephens, Atty. Gen. by Donald F. Roney, Asst. Atty. Gen., Frankfort, for appellant.

Terill A. Wilson, Russell Springs, William F. Moore, Jr., Monticello, for appellees.

Before GANT, COOPER and HOWARD, JJ.

GANT, Judge.

■ This is an appeal from the Franklin Circuit Court affirming the award of $28.00 a week to the dependent mother of a worker, William Vaughn, who died of a heart attack in a work-related accident. The death of Vaughn was found by the Workmen's Compensation Board to have occurred while he was engaged in a logging operation. The Board determined that while Vaughn was chasing a mule, "Old Belle," which had walked off while Vaughn was otherwise engaged, he had suffered a heart attack which proved to be fatal. Although the exact sequence of these events were in some dispute, such a finding was clearly supportable by the evidence presented to the Board. As was said in *Moore v. Square D Company*, Ky., 518 S.W.2d 781 (1974), "the medical evidence is not to be exclusively determinative but the board shall make the factual determination, from the totality of the circumstances, of whether there was a work-connected event." Although the exact cause of death was never determined by an expert medical autopsy, there was sufficient corroboration from medical personnel to sustain the findings. *Hunt v. Fuqua*, Ky., 224 S.W.2d 917 (1949).

■ The problem which now faces this Court is whether the Board acted properly when it raised the $13.60 award, which represented 25% of his average weekly wage, to the $28.00 minimum weekly benefit under KRS 342.740(1) and KRS 342.740(2). It is the opinion of the Court that such an increase was improper. Although it may appear inconsistent that the legislators of this Commonwealth would allow a minimum recovery for total disability and yet not allow it in a case which resulted in the death of a worker who supports one or more dependents, they appear to have done so. In the clear statutory language of KRS 342.750(1)(i) as quoted in the appellant's brief:

> In any event, if the present annual income of an actual dependent person, including workmen's compensation benefits, at any time exceeds the total annual support received by the person from the deceased employee, the workmen's compensation benefits shall be reduced so that the total annual income is no greater

than such amount of annual support received from the deceased employee.

This provision of the death benefit section envisions the time when the dependent may adjust to the loss he or she has suffered and produce enough income to lessen the amount of support donated by the state or employer. Clearly, as this dependent draws closer to the figure of the total annual support received, the benefit amount now paid will decrease. To require that the $28.00 minimum be maintained would go contrary to the apparent purpose of the statute of relieving the state of its benefit burden as the individual comes closer to achieving an independent financial position or at least a position equal to the one he maintained before the death of the employee.

The presence of the minimum in the disability area may evolve from the desire by the legislature to assure that the injured employee retains a minimum income after his injury. In the present case, however, it is a dependent of the employee who is the beneficiary, and he is under no infirmity as to future employment or earnings. As the statutes set a mandatory percentage of wages attributable to the dependent according to the relationship to the deceased, so may it set a reduction of these benefits that may fall below the statutory minimum allowable in a disability case. The language of the statute clearly demonstrates its intentions. However,

> [o]ur function in interpreting statutes is limited to analyzing and applying what the legislature has said, and does not extend to psychoanalyzing the legislature and applying what it may have meant to say. *Apache Coal Company v. Fuller*, Ky., 541 S.W.2d 933, 935 (1976).

This Court feels that this result may lead to situations in which the percentages payable to each dependent are so limited as to be inconsequential to his income available for support. Nevertheless, we must utilize the statutes as enacted by the legislature. Accordingly, we find that the Workmen's Compensation Board had no right to raise the $13.60 award to the statutory minimum

that is applicable in total or partial disability cases, due to the lack of a statutory mandate to support such an order and clear statutory language allowing payments to dependents that could fall below that minimum.

The judgment of the circuit court is reversed and this case remanded to the Franklin Circuit Court with directions to return the case to the Workmen's Compensation Board for determination of an award in conformity with this opinion.

All concur.