KRAFT, INC., Appellant,

v.

Diana TURNER, next friend of Johnny Lee Wright, Sr., deceased, Donna Allen Wright, Mother and Natural Guardian of Eric Wright, a minor, and Workers' Compensation Board, Appellees.

No. 86–CA–002203–MR.

Court of Appeals of Kentucky.

Nov. 20, 1987.

Rehearing Denied Feb. 19, 1988.

Discretionary Review Denied by Supreme Court May 10, 1988.

Gilbert Hale Nutt and Terry E. Fox, Nutt & Mayer, Louisville, for appellant.

William J. Britt, George, George & Britt, Louisville, for appellees.

Before COMBS, REYNOLDS and WEST, JJ.

WEST, Judge.

Kraft, Inc. appeals from the opinion of the Jefferson Circuit Court which affirmed the order and award and subsequent rulings on petitions for reconsideration of the Workers' Compensation Board. This action results from the death of Johnny Lee Wright, Sr., who died in an accident while working for Kraft. The issue raised is the entitlement of four of his children to death benefits under the Workers' Compensation Act. These children were all under the age of 16 at the time of the claim and were a result of his marriage to Wilma Burkley from whom he was divorced in 1978. Under the property settlement agreement between Mr. Wright and Ms. Burkley, she received custody of the four children and he was required to pay child support in the amount of $20.00 per week. Ms. Burkley subsequently remarried and moved with the children away from Kentucky. The appellant argues: 1) that the children were not wholly dependent upon Mr. Wright and 2) that their award, if any, should be limited to the $5.00 each per week awarded under the divorce decree.

The Board found that the four minor children were entitled to death benefits pursuant to KRS 342.075 and that such benefits would be payable for the time period set forth in KRS 342.750.

KRS 342.075(1)(b) provides:

(1) The following persons shall be presumed to be wholly dependent upon a deceased employee:

(b) *A child or children under the age of sixteen (16) years,* or over sixteen (16) years if incapacitated from wage earning, upon the parent with whom such

child or children are living, or by whom actually supported, *or from whom support is legally required by judgment of a court,* at the time of the accident. (Emphasis added.)

The presumptions of dependency under this statute have been held to be conclusive and cannot be defeated or rebutted by extraneous testimony where the dependent meets the criteria of the statute. *Yocom v. Hylton,* Ky.App., 557 S.W.2d 219 (1977); *Purex Corp./Ferry–Morse Seed Co. v. Bryant,* Ky.App., 590 S.W.2d 334 (1979). We agree with the Board and the court below that these four children are presumed to be wholly dependent since they were under the age of 16 at the time of their father's death and he was legally required by judgment to provide for their support. We specifically hold that the limitations contained in subsection (3) of KRS 342.075 do not pertain to the children in this case who are "presumed" to be actually dependent.

■ Once entitlement of a dependent to death benefits has been established, the next step is to determine the amount and duration of the benefits. Appellant contends that KRS 342.750(1)(e) requires that the decedent's children cease receiving benefits when they cease being "actually dependent." The children are no longer "actually dependent", according to appellant, due to their receipt of social security benefits.

For that proposition, appellant cites *Mills v. Vaughn,* Ky.App., 581 S.W.2d 29 (1979), which is clearly distinguishable on its facts. In *Mills, supra,* the dependent was the mother of the deceased worker and had become "less dependent" due to her ability to produce income. In the case at bar, we are concerned with minor children who are presumed to be wholly dependent under the aforementioned statutes.

We agree with the court below that the provisions of KRS 342.750(1)(i), when read in conjunction with subsection (e), apply only to children over the age of eighteen. It appears clear to this Court that there are two distinct classes of dependents within the framework of the Act, those who are conclusively presumed dependent and those who must prove their actual dependence.

■ Finally, the appellant argues that the Board failed to give notice of its decision to the widow and another minor child of the deceased employee. The appellant has failed to show why Donna Wright or Eric Wright were necessary parties to this action in their claim for death benefits. Apparently Mrs. Wright filed a claim and is being voluntarily paid by the employer in Eric's action and therefore had no interest in the present action dealing with the other children. Therefore, we find no error in the Board's failure to give her actual notice of this action.

For these reasons, the judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.